1998 ME 216

**Arthur R. SELANDER, D.C.**

v.

**Mark ROSSIGNOL, R.P.T., d/b/a County Physical Therapy.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 8, 1998.

Decided Sept. 16, 1998.

---

Charles E. Gilbert, III, Gilbert Law Offices, P.A., Bangor, for plaintiff.

John W. McCarthy, Leigh McCarthy, Rudman & Winchell, L.L.C., Bangor, for defendant.

Before WATHEN, C.J., and CLIFFORD, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, Justice.

[¶ 1] Arthur Selander appeals from a summary judgment entered in the Superior Court (Aroostook County, *Pierson*, J.) on his claim of defamation against Mark Rossignol. The trial court concluded that Rossignol had a conditional privilege to publish his statement and that no issues of material fact existed. We affirm.

[¶ 2] Arthur Selander is a chiropractic doctor. Mark Rossignol is a physical therapist. This suit arose out of an independent medical examination Rossignol performed on one of Selander's patients, David Beaver. After back surgery, Beaver's surgeon recommended he enter a rehabilitation program to assist his recovery. Beaver chose Selander's chiropractic program for his rehabilitation. Beaver applied for disability benefits from his insurer, who asked Rossignol to perform the examination of Beaver. Specifically, the insurer asked Rossignol to, among other things: "determine [Beaver's] current physical capacities" and describe "your clinical findings, recommendations for treatment or further evaluation and prognosis for full recovery."

[¶ 3] During Rossignol's examination of Beaver, Beaver demonstrated the rehabilitation exercises he did at Selander's clinic under the direction of one of Selander's employees, a chiropractic assistant. Rossignol's report to the insurer concluded that Selander's program was inappropriate, largely because it lacked certain important elements of rehabilitative therapy and was administered by an untrained, unskilled professional. It is this report that Selander asserts is defamatory.

[¶ 4] Rossignol successfully moved for summary judgment on the ground that the report was conditionally privileged. Summary judgment is appropriate when the party that would bear the burden of proof at trial presents evidence that, if he presented no more, would entitle the opposing party to a judgment as a matter of law. *June Roberts Agency, Inc. v. Venture Properties, Inc.*, 676 A.2d 46, 48 (Me.1996). We view the evidence in the light most favorable to the party against whom the summary judgment was granted, and we determine independently whether the record supports a conclusion that no genuine issue of material fact exists and the prevailing party is entitled to a judgment as a matter of law. *McCullough v.*

*Visiting Nurse Serv. of S. Maine, Inc.,* 1997 ME 55, ¶ 5, 691 A.2d 1201, 1203.

[¶ 5] "A conditional privilege against liability for defamation arises in settings where society has an interest in promoting free, but not absolutely unfettered, speech." *Lester v. Powers,* 596 A.2d 65, 69 (Me.1991). "It is for the court to determine whether the occasion upon which the defendant published defamatory matter gives rise to a conditional privilege." *Saunders v. Van-Pelt,* 497 A.2d 1121, 1125 (Me.1985).

[¶ 6] The facts of the occasion in this case are not disputed. The statement was provided in response to a request for an independent medical examination of a claimant for insurance benefits. The insurer in such a situation has a legitimate interest in frank communication with the reviewing health care provider because the results of the examination will likely affect how it responds to the insured's future claims. Further, insureds and insurers, as well as the general public, have an interest in ensuring that valid claims are paid and fraudulent ones are not. We therefore conclude that an independent medical examination is an occasion giving rise to a conditional privilege and that Rossignol's statements to the insurer were protected by a conditional privilege.

[¶ 7] Once a conditional privilege is established, liability for defamation exists only if the one who made the statement abuses the privilege. *Lester,* 596 A.2d at 69. An abuse of a privilege occurs when the person making the statement either "knows his statement to be false, recklessly disregards its truth or falsity, or acts with spite or ill will." *Rippett v. Bemis,* 672 A.2d 82, 87 (Me.1996). Even when the facts are viewed in the light most favorable to Selander, they do not present a genuine dispute of material fact on abuse of the privilege sufficient for trial.

The entry is:

Judgment affirmed.