STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. CV-99-94
                                                  SKS - KEN - 8/21/2000

LEWIS PELLETIER,

        Plaintiff

        v.                                        SUMMARY JUDGMENT

A. E. HODSDON,

        Defendant


        This matter came on for hearing on the defendant's motion for summary judgment.  After fully reviewing the parties' statements of material facts and considering their written and oral arguments, the motion will be granted.

## Background

        In October, 1997, the parties, both professional engineers, submitted bids to the Town of Fairfield for the construction of a new public works building.  In conjunction with his bid, Pelletier submitted a document titled, "Project Manual for the Construction of the Public Works Building," dated October 1, 1997.  Funding for the project was approved at a special town meeting in early June, 1998, and Pelletier was awarded the contract as the lowest bidder.  Hodsdon had previously served as a consulting engineer on another project for the Town of Fairfield, involving the construction of the Fairfield police building expansion.  After the contract was awarded to Pelletier, Hodsdon asked town councilor Dawnalysce Clifford if he could see Pelletier's document submitted in conjunction with the project.  Upon

1

reviewing the document, Hodsdon commented, "This looks like my work." It is undisputed that parts of Pelletier's manual for the public works building are similar to or identical to Hodsdon's manual for the police building expansion. Pelletier has testified that he "used" Hodsdon's manual in creating his own manual. Upon discovering the similarity, Hodsdon began making comments in this regard, including private telephone calls to town councilors and comments at a town council meeting on June 10, 1998. In his comments, Hodsdon accused Pelletier of plagiarism and stealing Hodsdon's work, and characterized Pelletier as being a "fly-by-night" and an "upstart." There is also evidence that Hodsdon referred to Pelletier's designs as inadequate.

In addition to the comments made to the councilors, both privately and at the council meeting, Hodsdon filed a letter of complaint against Pelletier with the Board of Registration for Professional Engineers, asserting that Pelletier used his manual without authorization and that this action was deceitful and constituted gross negligence as well as gross misconduct. The Board ultimately found that Pelletier had not engaged in any misconduct and did not violate the Engineers Code of Ethics.

As the result of the statements by Hodsdon, Pelletier has filed a four-count complaint asserting claims for defamation, interference with advantageous business relationships, malicious prosecution/abuse of process, and punitive damages. Hodsdon has filed a motion for summary judgment on all of these counts.

Discussion

2

The primary claim by Pelletier is his claim of defamation contained in count I. Common law defamation consists of:

(a)    a false and defamatory statement concerning another;

(b)    an unprivileged publication to a third-party;

(c)    fault amounting at least to negligence on the part of the publisher; and

(d)    either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Withers v. Hackett*, 1998 ME 164, ¶ 9, 714 A.2d 798, 801 (quoting *Haworth v. Feigon*, 623 A.2d 150, 156 (Me. 1993)). Since Pelletier must prove all of these elements in order to prevail on his claim, it follows that Hodsdon needs only to show no dispute of material fact and entitlement to judgment as a matter of law on any one of the elements in order to obtain summary judgment.

Although easy to state, the common law elements are often difficult to analyze due to an overlay of case law which shifts depending upon the status of the speaker and the nature of the speech or forum in which it is made. These two issues are fact-based, but are ultimately decisions of law for the court. They are also issues which must be addressed initially to determine how the ultimate issues are approached. First, there does not appear to be any disagreement that Pelletier's status was as a private figure rather than a public one. Second, Hodsdon asserts, and Pelletier does not dispute, that Hodsdon's statements involved issues of public concern.

With regard to the first element of defamation -- that a false and defamatory

3

statement was made -- the fact that the statements were on a matter of public interest or concern places the burden on the plaintiff to prove that the statements were false. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 106 S.Ct. 1558, 1563 (1986). The court does not accept the defendant's argument that the burden on the plaintiff in this regard on a motion for summary judgment is a more strict standard because of the public interest or concern (*Hudson v. Guy Gannett Publishing Co.*, 521 A.2d 714, 716 (Me. 1986)). However the burden still remains upon the plaintiff to prove the falsity by a preponderance of the evidence. With regard to statements made to the town councilors and during the town meetings, a review of the plaintiff's statement of material facts supports a finding that the statements were made, but not that they were false. The essence of Hodsdon's statements was that Pelletier had used his materials from the earlier town project without his permission by incorporating them in Pelletier's project manual for the project under consideration, and that the specifications which Pelletier incorporated were inadequate for the second project. The plaintiff's statement of material facts, taken as true, fails to establish as a contested material fact that Pelletier did not use Hodsdon's materials or that the specifications which were used were adequate for the new project. Nor does the plaintiff's statement address his burden of proving the falsity of the statements that he is a "fly-by-night" and an "upstart." In summary, with regard to the statements to the town councilors and at the town meetings, the plaintiff's statement of material facts is not sufficient to sustain his burden by a preponderance of the evidence and there are no disputed material facts

4

for a fact finder to fill this gap.

Nor has the plaintiff sustained his burden with regard to the statements made by Hodsdon in his complaint to the Board of Registration for Professional Engineers. It is clear from the Board's response dated January 28, 1999, that the Board assumed the facts in the complaint were true for purposes of their review, but concluded that they did not present evidence of a violation of the Board's statutes or rules. The Board did not conclude that the statements were untrue, and its decision does not provide any support on this issue.

With regard to the second element of the common law of defamation, it must be shown that the publication of the statement was unprivileged. Our Law Court has recognized a conditional privilege for statements made on matters of public interest recognizing the privileges set forth in the Restatement (Second) of Torts. *Rippett v. Bemis*, 672 A.2d 82, 87 (Me. 1996). In addition, the Law Court has generally held that "[a] conditional privilege against liability for defamation arises in settings where society has an interest in promoting free, but not absolutely unfettered, speech." *Selander v. Rossignol*, 1998 ME 216, ¶ 5, 717 A.2d 380, 382 (quoting *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991)). Information concerning the bidding process for a public construction project, the adequacy of the design incorporated in the bids, and possible violations of statute or the rules and regulations of a State Board are on matters of public interest which raise the conditional privilege. Statements made during telephone conversations to the town councilors likewise are entitled to the privilege since the councilors were

5

called because of their official positions.

Pelletier argues that any public interest privilege must be deemed waived because he allegedly made similar statements to third parties including friends, acquaintances, and staff members. The Restatement (Second) of Torts, § 604, does suggest that the conditional privilege may be abused by excessive publication. However, the comment to that section leads the court to conclude that even if Hodsdon abused the privilege by excessive publication, it would not deprive him of the privilege entirely but only as to the statements to those third persons. In other words, Hodsdon would still be entitled to assert the privilege with regard to statements made to the town councilors and at the town meetings and in his complaint to the Board, even if he were denied that privilege with regard to similar statements made in a context which went beyond communication necessary to assert the public interest.

The court also has considered whether any statements Hodsdon made to third persons, and which arguably would not be protected by the public interest privilege, could be actionable in themselves. The court concludes that such statements could be actionable, but in the present case they have not been sufficiently alleged in the complaint. As stated in *Picard v. Brennan*, 307 A.2d 833, 834-35 (Me. 1973), "Having in mind that proof of the truth of statements alleged to be slanderous is always a defense, and that the defendant is therefore entitled to know precisely what statement is attributed to him, we have always required that 'the words must be proved strictly as alleged.'" A review of the complaint indicates

6

no sufficiently specific allegations pertaining to defamatory statements to unspecified third parties.

Finally, there is the question of whether the plaintiff has made the necessary showing of actual malice. "[A] private individual who seeks damages for a defamatory statement involving a matter of public concern cannot recover presumptive or punitive damages absent a showing of actual malice." *Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 128 (1st Cir. 1997) (citing *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 751, 756, 105 S.Ct. 2939, 2941, 2943 (1985); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349, 94 S.Ct. 2997, 3011 (1974)). The "actual malice" noted is the standard announced in *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710 (1964). Thus, in order to recover presumed or punitive damages, which are sought here, Pelletier must show by clear and convincing evidence that Hodsdon's statements were made with knowledge of their falsity or with reckless disregard as to whether they were true or false. *Beal v. Bangor Publishing Co.*, 1998 ME 176, ¶ 6, 714 A.2d 805, 807. The focus is upon the defendant's state of mind regarding the truth or falsity of the statements and involve a subjective inquiry as to whether he entertains serious doubts as to the truth. *Michaud v. Town of Livermore Falls*, 381 A.2d 1110, 1113 (Me. 1978). The question is not one of animosity or even a desire to injure the other party. *Id.* Pelletier has failed to generate a genuine issue of material fact as to whether Hodsdon acted with actual malice.

In summary, since Pelletier has not shown facts sufficient to support a finding

7

that Hodsdon's statements were false and since in any event the statements were privileged, Hodsdon is entitled to judgment as a matter of law. For these reasons, the court will grant the defendant's motion as to count I of the complaint.

Counts II, III, and IV allege intentional interference with an advantageous business relationship, malicious prosecution or abuse of process, and punitive damages. However, these claims are all based upon the speech which formed the basis for the defamation claim. Therefore, for reasons set forth in *Hustler Magazine v. Falwell*, 485 U.S. 46 (1988) and its progeny, those claims must also fail.

The entry will be:

Motion for summary judgment GRANTED on all four counts.

Dated: August 21, 2000

S. Kirk Studstrup
Justice, Superior Court

9

Date Filed __4/29/99__ __Kennebec__ Docket No. __CV99-94__
County

Action __Other personal injury__

# J. STUDSTRUP

Lewis Pelletier                                    vs.    A.E. Hodson

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| William D. Robitzek, Esq.<br>129 Lisbon Street<br>PO Box 961<br>Lewiston, Maine 04243-0961 | Mark E Dunlap Esq (5/24/99)<br>415 Congress St<br>PO Box 4600<br>Portland  Me  04112 |

DONALD L. GARBRECHT
LAW LIBRARY

SEP 11 2000

| Date of Entry | |
|---|---|
| 4/30/99 | Complaint, filed. s/Robitzek, Esq.<br>Pretrial Scheduling Statement and Jury Demand mailed to atty. |
| 5/10/99 | Original summons with return service on A E Hodsdon on 5/4/99 filed.<br>s/Robitzek,Esq. |
| 5/24/99 | Defendant A.E. Hodsdons answer and affirmative defenses filed.   s/Dunlap,Esq. |
| 5/27/99 | SCHEDULING ORDER FILED, Atwood, J. (dated 5/25/99)<br>Discovery deadline is January 25, 2000.<br>Copies mailed to attys of record. |
| 6/1/99<br>****** | Pretrial Scheduling Statement, filed. s/Robitzek, Esq.<br>Jury fee paid |
| 6/7/99 | Notification of Discovery Service, filed. s/Dunlap, Esq.<br>Defendant's Request for Production of Documents Propounded to Plaintiff<br>served on William D. Robitzek, Esq. on 6/4/99<br>Notification of Discovery Service, filed. s/Dunlap, Esq.<br>Defendant's Interrogatories Propounded to Plaintiff served on William D.<br>Robitzek, Esq. on 6/4/99 |
| 7/13/99 | Notification of Discovery Service, filed. s/Robitzik, Esq. (filed 7/8/99)<br>Plaintiff Lewis Pellitier's Objections to Interrogatories Propounded by<br>Defendant served on Mark E. Dunlap, Esq. on 7/6/99 |
| 7/28/99 | Notice of discovery service filed.   s/Robitzek,Esq.<br>Plaintiff Lewis Pelletiers responses to request for production of<br>documents served on Mark E Dunlap on 7/27/99. |
| 7/30/99 | Notice of discovery service filed.   s/Robitzek,Esq.<br>Plaintiff Lewis Pelletier Answers interrogatories propounded by defendant<br>and plaintiffs request for production of documents propounded to defendant<br>served on Mark E. Dunlap on 7/28/99. |
| 8/11/99 | Notice of discovery service filed.   s/Dunlap Esq<br>Notice to take oral deposition of Lewis Pelletier served on William<br>D. Robitzek Esq on 8/10/99. |