**Irwin N. JAEGER**

v.

**Robert SHEEHY, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 16, 1988.

Decided Dec. 9, 1988.

Samuel G. Cohen (orally), Waldoboro, for plaintiff.

Lee K. Bragg (orally), Bernstein, Shur, Sawyer & Nelson, Augusta, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD and HORNBY, JJ.

ROBERTS, Justice.

Irwin Jaeger appeals from the summary judgment of the Superior Court, Lincoln County (*Bradford, J.*), dismissing for lack of standing his appeal from a decision of the Waldoboro Zoning Board of Appeals. Jaeger argues that he meets the definition of a "party," even though he did not appear in person or by counsel. Because we determine that Jaeger's actions were insufficient to make him a party, we affirm the decision of the Superior Court.

Jaeger and Robert Sheehy own abutting parcels of land in Waldoboro. At a hearing before the board on Monday, September 28, 1987, Sheehy obtained a variance from the Waldoboro Shoreland Zoning Ordinance allowing him to build an addition to his house seven feet from Jaeger's property line. Prior to the hearing, Jaeger had two telephone conversations with the chairman of the board, Samuel Chapman, in which he expressed his concerns about the variance but stated that he did not wish to oppose it. Chapman assured Jaeger that his concerns

would be relayed to the board and did in fact advise the board at the hearing. On October 14, 1987, Jaeger's attorney wrote to Chapman requesting that the board reconsider the matter. Jaeger appealed to the Superior Court on October 27, 1988, pursuant to M.R.Civ.P. 80B and 30 M.R.S. A. § 2411 (1983 & Supp.1987).[1] Thereafter, the court denied Jaeger relief because he had not appeared before the board.

As the preliminary step to establish standing to appeal the decision of the board, Jaeger must have been a party before the board. *Anderson v. Swanson,* 534 A.2d 1286, 1287–88 (Me.1987). In order to be a party, a litigant who is seeking review must have been a participant in proceedings before the board. *See New England Herald Development Group v. Town of Falmouth,* 521 A.2d 693, 695 n. 4 (Me.1987). While participation may be formal or informal, *id.* at 696, Jaeger's prehearing conversations with a member of the board were not sufficient participation.

In this case, Chapman at best simply relayed Jaeger's concerns to the board. Even if Jaeger had expressed opposition to the variance, Chapman did not represent Jaeger at the hearing. In no way did Chapman act as an advocate or agent before the board. Because Jaeger's actions did not constitute sufficient participation in the proceedings, he was not a party before the board and did not satisfy the preliminary step of the two-part test for standing. *Anderson v. Swanson,* 534 A.2d at 1287–88. The court was thus correct in denying him relief.

The entry is: JUDGMENT AFFIRMED.

All concurring.

---

1. That statute provides in pertinent part:
   § 2411. Board of Appeals

   3. Procedure.

F. An appeal may be taken within 30 days after the decision is rendered, by any party to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B....