## Rose F. VOIGNIER

v.

## Warren BITTNER.

Supreme Judicial Court of Maine.

Argued March 17, 1992.

Decided June 2, 1992.

Peter L. Murray (orally) and Judith M. Peters, Murray, Plumb & Murray, Portland, for plaintiff.

Edwin A. Heisler (orally) and Stephanie E. Lugg, Richardson & Troubh, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

PER CURIAM.

This case arises out of the controversy surrounding the administration of the estate of Jules L. Voignier and is a companion case to *In re Estate of Voignier*, 609 A.2d 704 (Me.1992), decided this date. The defendant, Warren Bittner, appeals from an order of the Superior Court (York County, *Bradford, J.*) declaring him, as personal representative of the Estate of Jules L. Voignier, to hold certain securities in a constructive trust and ordering him to convey the securities to Jules Voignier's widow, plaintiff Rose F. Voignier. That judgment is not disputed and we affirm it. Moreover, in view of the history of this case and of *Estate of Voignier*, we are forced to conclude that the stated basis of Bittner's appeal, his uncertainty whether he must pay pre- and post-judgment interest on the value of the securities, is friv-

olous and that the appeal has been instituted primarily for the purpose of delay. Accordingly, we assess against Bittner attorney fees and treble costs.

Jules L. Voignier died in April of 1987 with substantial assets. In his will, he left his entire estate in trust. His widow, Rose, was the income beneficiary. The trust corpus was to be distributed upon Rose's death to various remaindermen, one of whom was Jules Voignier's nephew, Bittner, who was the personal representative of the estate.

Included in the estate were approximately $180,000 worth of "Nuveen" securities, which Rose claimed properly belonged to her. When Bittner refused to convey the securities to her, Rose brought suit in the Superior Court. The court found after a bench trial that the securities were in fact purchased with Rose's individual assets and were registered in her husband's name only to enable him to trade them for her. Therefore, the court found that Bittner held the securities in constructive trust for the benefit of Rose, and ordered him to convey them to Rose. Without filing any post-trial motions, Bittner filed a notice of appeal to this court.

In his appeal, Bittner does not dispute the correctness of the order declaring Rose to be the owner of the securities and requiring him to turn them over to her. Rather, he contends that he should not be liable for pre- and post-judgment interest on the value of the securities, and seeks a declaration to that effect from this court.[1]

Interest on judgments is governed by statute. *Ginn v. Penobscot Bay Co.*, 342 A.2d 270, 276 (Me.1975). The applicable statutes provide that interest is to be assessed in "all civil actions," but that "[o]n petition of the nonprevailing party and on a showing of good cause, the trial court may order that interest awarded ... shall be fully or partially waived." 14 M.R.S.A. § 1602 (Supp.1991) (governing pre-judg-

ment interest) and § 1602-A (Supp.1991) (governing post-judgment interest).

Whether that statutory language automatically applies to an equitable decree ordering property held in constructive trust to be turned over is not an inconsequential issue. *See Ginn*, 342 A.2d at 276-77. In the procedural context of this appeal, however, when the issue has not been raised in the Superior Court, it becomes frivolous. Bittner has deliberately ignored the specific provisions of both sections 1602 and 1602-A allowing the nonprevailing party to petition the trial court to address the issues of pre- and post-judgment interest. *See, e.g., Simpson v. Hanover Ins. Co.*, 588 A.2d 1183, 1185 (Me.1991); *Sawyer v. Walker*, 572 A.2d 498, 499 (Me.1990); *Ricci v. Key Bankshares of Maine, Inc.*, 662 F.Supp. 1132, 1140 (D.Me.1987) (issue of defendants liability for pre- and post-judgment interest raised in trial court by post-trial motion); *see also* 14 M.R.S.A. § 1502-D (Supp.1991) (providing for post-trial procedure to determine or challenge costs or interest).

The Superior Court's order in this case requiring Bittner to turn over the Nuveen securities to Rose was issued on March 18, 1991. Bittner did not seek to have the trial court address the issue of interest in any way, nor did he file any post-trial motions. His notice of appeal was filed April 12, 1991. Bittner did not turn over the securities to Rose until many months later, at or near the time of Rose's request for sanctions. In view of the procedural history of this case, and of the companion case of *Estate of Voignier*, we are forced to conclude that this appeal has been taken by Bittner to frustrate Rose by delaying compliance with the court's order. *See* M.R.Civ.P. 76(f). We exercise the power to sanction pursuant to Rule 76(f) "only in egregious cases," *Estate of Bonin*, 457 A.2d 1123, 1125 (Me.1983), and this is one of those cases. Therefore, we award Rose Voignier treble costs and reasonable attorney fees caused by this appeal.[2]

---

1. At oral argument Rose's attorney expressly stated that Rose did not seek pre- or post-judgment interest on the value of the securities. Bittner contends, however, that an attorney for

Rose had earlier demanded the payment of interest.

2. Affidavits as to attorney fees and costs shall be submitted by appellee to this court within thirty

The entry is:

Judgment affirmed. The defendant shall pay to the plaintiff reasonable attorney fees and treble costs.

All concurring.

days. Appellant shall have twenty days to respond.