1998 ME 146

**David L. BROOKS**

v.

**TOWN OF NORTH BERWICK, et al.**

Supreme Judicial Court of Maine.

Argued March 4, 1998.

Decided June 10, 1998.

---

David L. Brooks (orally), North Berwick, for plaintiff.

William L. Plouffe (orally), Drummond, Woodsum & MacMahon, Portland, for Town of North Berwick.

Paul W. Cadigan (orally), Reagan, Adams & Cadigan, Kennebunk, for plaintiffs.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

PER CURIAM.

[¶ 1] David L. Brooks appeals from a judgment entered in the Superior Court (York County, *Fritzsche, J.*) affirming the North Berwick Zoning Board of Appeals' (ZBA's) decision to vacate the Code Enforcement Officer's approval of a nonconforming use of abutting property. Brooks, whose personal residence and place of employment are adjacent to the subject property, argues that the court erred by failing to find that the ZBA had a duty to determine whether the subject property's grandfathered status for nonconforming uses had been discontinued. Because we conclude that Brooks lacks standing to seek judicial review of the ZBA's decision,

we vacate the judgment and remand with instructions to dismiss the appeal.

## I.

[¶ 2] Brooks is an attorney whose home and law office are adjacent to a five-acre property in North Berwick owned by Sara and Fred Perkins. The Perkins property is located partly in a limited commercial zone and partly in a residential zone, and includes six separate buildings.

[¶ 3] The Perkinses purchased the subject property in 1996 from Tilcon, Inc., a paving and construction contractor. Tilcon, whose ownership and use of the property predated the enactment of the Town's zoning ordinance, used the property's six buildings primarily for storage and maintenance of its trucks and equipment from 1979 until 1989 as a grandfathered nonconforming use.[1] In late 1988 and 1989, Tilcon ceased its North Berwick operations and began to lease portions of the property to various tenants, in part as an effort to preserve the property's grandfathered status pursuant to the Town's zoning ordinance.[2]

[¶ 4] In August 1996 a prospective tenant of the Perkins property became interested in establishing a machine shop on the premises. The Town's Code Enforcement Officer (CEO) advised the prospective tenant that the proposed machine shop, although not expressly permitted by the ordinance, was authorized as a change to the existing nonconforming use of the property, which he apparently concluded had retained its grandfathered status. The ordinance, however, vests the Planning Board, not the CEO, with the authority to approve changes in existing nonconforming uses:

> *Change of Use.* An existing non-conforming use may be changed to another non-conforming use provided that the proposed use is equally or more appropriate to the district than the existing non-conforming use, and the impact of the former use [sic] *as determined by the Planning Board.*

ORDINANCE, § 1.4.4(e) (emphasis added). In September 1996 Brooks filed an administrative appeal of the CEO's decision with the ZBA, requesting the ZBA to "reverse the [CEO's] decision and direct any Application for change of any legally existing non-conforming use of the property be sent to the Planning Board for review," in accordance with section 1.4.4(e) of the zoning ordinance.

[¶ 5] The ZBA considered Brooks' administrative appeal at a public hearing in October 1996. Brooks and the Defendants presented conflicting evidence regarding the duration and character of the tenancies which occurred between late 1988 and 1996. The ZBA determined that only the Planning Board, not the CEO, had the authority to approve changes in existing nonconforming uses. Accordingly, it issued a Notice of Decision approving Brooks' administrative appeal and concluding that the "CEO should send any future commercial enterprises to the Planning Board...."[3]

[¶ 6] Pursuant to M.R.Civ.P. 80B, Brooks filed an appeal with the Superior Court, which affirmed the ZBA's decision based on its conclusion that Brooks "got what he sought and has no basis to appeal...." This appeal followed.

---

1. The Town's zoning ordinance provides in pertinent part:

   *1.4.3(a). Continuance, Enlargement, Reconstruction.* Any use of land, or any building, structure, or parts thereof, legally existing at the time of the adoption of this Ordinance ... which does not conform to the requirements of this Ordinance or its amendments, may continue, and may not be extended, reconstructed, enlarged or structurally altered except as specified below.

   NORTH BERWICK, ME., ZONING ORDINANCE art. 1, § 1.4.3 (1995).

2. The ordinance provides in pertinent part:

   *1.4.4(a). Resumption Prohibited.* A lot, building, or structure in or on which a non-conforming use is discontinued for a period exceeding one year, or which is superseded by a conforming use, may not again be devoted to a non-conforming use except that the Planning Board may, for good cause shown by the applicant, grant up to a one year extension.... *Id.* § 1.4.4.

3. We were advised by the parties at oral argument that Brooks subsequently challenged the machine shop's approval before the Planning Board, and that he appealed the Planning Board's adverse decision to the ZBA and thereafter to the Superior Court.

## II.

[¶ 7] Brooks argues that the ZBA, having properly vacated the CEO's decision, also had to determine whether the property's grandfathered status had been discontinued pursuant to section 1.4.4(a) of the zoning ordinance as a result of the intermittent nature of the 1989–1996 tenancies and the dissimilarities between Tilcon's use of the property and the tenants' uses of the property.[4] The ZBA was required to make this determination, he argues, before referring the case to the Planning Board.

[¶ 8] We begin by considering the preliminary question of Brooks' standing to challenge the ZBA's decision. Pursuant to 30–A M.R.S.A. § 2691(3)(G) (1996), any party may appeal the decision of a local zoning board of appeals in accordance with Maine Rule of Civil Procedure 80B. To achieve "party" status within the meaning of section 2691, one must have participated in the ZBA hearing and must demonstrate a particularized injury as a result of the ZBA's action or inaction. *See Brooks v. Cumberland Farms, Inc.*, 1997 ME 203, ¶¶ 8–11, 703 A.2d 844, 847; *Forester v. City of Westbrook*, 604 A.2d 31, 32 (Me.1992); *Harrington v. City of Biddeford*, 583 A.2d 695, 696 (Me.1990); *Singal v. City of Bangor*, 440 A.2d 1048, 1050 (Me. 1982).

[¶ 9] In his application for an administrative appeal, Brooks expressly requested that the ZBA "reverse the Decision [of the CEO] and direct that any Application for change of any legally existing non-conforming use of the property be sent to the Planning Board for review." Brooks' application set forth several legal arguments to support this specific request, including (1) that the property's grandfathered status had been discontinued as a result of the 1989–1996 tenancies, pursuant to section 1.4.4(a) of the ordinance; and (2) that only the Planning Board, not the

CEO, had the authority to approve a change to an existing nonconforming use, pursuant to section 1.4.4(e) of the ordinance.

[¶ 10] Following a public meeting, the ZBA agreed that the CEO acted without authority and vacated his decision. This is precisely the relief that Brooks requested. Although Brooks might have preferred that the ZBA base its decision on the alternative rationale that the property was no longer grandfathered, he nonetheless received exactly what he asked for from the ZBA: an invalidation of the CEO's decision. Brooks' dissatisfaction with the ZBA's reason for invalidating the CEO's approval of the proposed machine shop does not constitute a "particularized injury" sufficient to confer standing for judicial review. *See Geer v. Kadera*, 173 Ill.2d 398, 219 Ill.Dec. 525, 671 N.E.2d 692, 699 (1996) ("[I]t is fundamental that the forum of courts of appeal should not be afforded to successful parties who may not agree with the reasons, conclusion, or findings below."); *ACS Enterprises, Inc. v. Norristown Borough*, 659 A.2d 651, 653–54 (Pa.Commw.Ct.1995) (where a party was granted the relief it requested from zoning board, "[the] prevailing party's disagreement with the legal reasoning or basis for a decision does not amount to a cognizable aggrievement necessary to establish standing."), *appeal denied*, 542 Pa. 674, 668 A.2d 1136 (1995).

[¶ 11] Brooks concedes that the ZBA's decision in no way deprived him of the opportunity to challenge the merits of the machine shop proposal before the Planning Board in accordance with the procedure specified in the ordinance, and to appeal any adverse decision of the Planning Board to the ZBA and, ultimately, to the courts.[5] In fact, Brooks has done exactly that, while simultaneously bringing the instant appeal. *See supra* note 3. Having received precisely the relief he asked for from the ZBA, Brooks

---

4. Alternatively, Brooks argues that the ZBA's decision "implicitly" concluded that the property had retained its grandfathered status, and that the evidence compelled a contrary conclusion.

5. Although we have recognized that a prevailing party may prosecute an appeal from an ostensibly favorable judgment when "an essential finding on which the judgment is based might other-

wise prejudice it through the use of collateral estoppel in a future proceeding," *see Sevigny v. Home Builders Ass'n of Maine, Inc.*, 429 A.2d 197, 202 (Me.1981), Brooks acknowledges that the ZBA's decision had no preclusive effect on the subsequent proceedings before the Planning Board.

plainly did not suffer a particularized injury as a result of its decision. In the absence of a particularized injury, he lacks standing to seek judicial review of the ZBA's decision, *see Forester,* 604 A.2d at 32, and we therefore vacate the Superior Court's judgment and remand with instructions to dismiss the appeal.

### III.

[¶ 12] Pursuant to M.R.Civ.P. 76(f), where an appeal is frivolous or instituted primarily for the purpose of delay, the opposing parties or their counsel may be awarded treble costs and reasonable expenses. Although we will not exercise the authority granted to us by Rule 76(f) except in egregious circumstances, we will exercise this power when "an appeal is obviously without any merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court." *Auburn Harpswell Ass'n v. Day,* 438 A.2d 234, 238–39 (Me.1981). Brooks received from the ZBA precisely the relief he requested, and his efforts to preclude the Planning Board's review of the machine shop proposal by bringing the instant appeal could not have been undertaken with any reasonable expectation of success. We find this appeal to be frivolous, and award to both Defendants treble costs plus $350 each, to be applied to their attorney fees. *See* 14 M.R.S.A. § 1802 (1980); M.R.Civ.P. 76(f).

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to dismiss the appeal for lack of standing. Further ordered that plaintiff pay to both defendants treble costs plus $350 each, to be applied to their attorney fees.

