1998 ME 239

**Quirino LUCARELLI**

v.

**CITY OF SOUTH PORTLAND, et al.**

Supreme Judicial Court of Maine.

Argued Oct. 6, 1998.

Decided Nov. 2, 1998.

Daniel R. Warren (orally), Jones & Warren, P.A., Scarborough, for appellant.

Christopher L. Vaniotis (orally), Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for plaintiff.

Mary Kahl, Corporation Counsel, South Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, Justice.

[¶ 1] Hans Hackett appeals from the judgment entered in the Superior Court (Cumberland County, *Brennan, J.*) vacating the City of South Portland Planning Board's decision denying a special exception use permit. We dismiss the appeal and affirm the trial court's decision because Hackett lacks standing.

[¶ 2] Quirino Lucarelli applied to the Board for a special exception use permit to erect a 150–foot communications tower in South Portland. Following a hearing at which numerous members of the community voiced their opposition to the proposed tower, the Board denied the application. Lucarelli appealed the decision to the Superior Court pursuant to M.R.Civ.P. 80B, and the court vacated the Planning Board's decision. South Portland did not appeal because the City had repealed the ordinance at issue and enacted a new one. Hackett, a resident of South Portland, moved to intervene pursuant to M.R.Civ.P. 24. The trial court granted the motion, and Hackett appealed.

 [¶ 3] To establish standing to appeal a decision of a zoning board a party must have participated in the hearing and must demonstrate a particularized injury caused by the zoning board's decision. *Brooks v. Town of North Berwick,* 1998 ME 146, ¶ 8, 712 A.2d 1050, 1053. One does not participate in a hearing by expressing opposition to an application prior to the hearing, *see Jaeger v. Sheehy,* 551 A.2d 841, 842 (Me. 1988) (holding pre-hearing conversations with a member of the board did not constitute participation), nor by opposing the application at a related preliminary hearing, *Department of Envtl. Protection v. Town of Otis,* 1998 ME 214, ¶ 8, 716 A.2d 1023, 1025 (holding that written comments by the DEP to a Planning Board at a preliminary phase of an application for a permit did not constitute participation). The requirement of participation is so well established that we have recently held that even the Attorney General must participate in the hearing to establish standing. *Id.* ¶¶ 9–15, 716 A.2d at 1025–27.

 [¶ 4] Although Hackett alleges that he voiced his opposition to the tower by attending Planning Board meetings and speaking with city council members, there is no evidence in the record that he participated *in the hearing.* Hackett has failed to establish standing to participate in the appeal.

The entry is:

Judgment affirmed.