1999 ME 78

**Wayne B. WORREY**

v.

**Mark C. FOURNIER et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 27, 1999.
Decided May 21, 1999.

Ralph W. Brown, Portland, for plaintiff.

Andrew L. Broaddus, Westbrook, (for Mark Fournier), Sandra L. Fournier, Gorham, for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

**PER CURIAM.**

[¶ 1] Wayne B. Worrey appeals from an order entered in the Superior Court (Cumberland County, *Cole, J.*) dismissing his action against Mark C. and Sandra L. Fournier for want of prosecution pursuant to M.R. Civ. P. 41(b)(1). Worrey contends that the court erred in dismissing the case because it had been less than two years since a trustee filed its disclosure under oath pursuant to M.R. Civ. P. 4B(e). We affirm the judgment and, because the appeal is frivolous, award a sanction plus treble costs.

[¶ 2] In March 1994, Worrey filed a complaint against Mark Fournier, alleging that Fournier owed him $1,983.25 for electrical work performed.[1] Accompanying the complaint, Worrey filed an ex parte motion for attachment, M.R. Civ. P. 4A, and attachment on trustee process, M.R. Civ. P. 4B. Convinced that there was a clear danger that Fournier, if notified in advance of the attachment, would conceal or remove his assets, the court granted the ex parte motion.[2] *See* M.R. Civ. P. 4A(g); M.R. Civ. P. 4B(i).

[¶ 3] Worrey subsequently caused several trustees to be served with a summons which required each trustee to file a written statement under oath disclosing what property of the defendant the trustee had in its possession. *See* M.R. Civ. P. 4B(b). Worrey filed the last of these summonses with the court on July 18, 1994. One of the trustees, Medical Services Federal Credit Union (MSFCU), did not file its disclosure under oath until September 13, 1996.

[¶ 4] Almost two years of silence in the docket followed MSFCU's filing, and on August 27, 1998, the court notified Worrey that "if no motion to retain on the docket is filed within thirty days," the case would

---

1. The original complaint included two counts against Mark Fournier: breach of contract and unjust enrichment. In April 1994, Worrey amended the complaint to add a new party, Fournier's wife, Sandra Fournier, and a new claim, fraudulent conveyance.

2. After Worrey amended his complaint to include Sandra Fournier, the court granted an ex parte motion for attachment and attachment on trustee process against the property and credits of both Mark and Sandra Fournier.

be dismissed for want of prosecution pursuant to M.R. Civ. P. 41(b)(1).[3] Worrey responded by arguing that the case should not be dismissed because it had been less than two years since MSFCU's disclosure under oath and that such a disclosure was an "action taken ... by the plaintiff." *See* M.R. Civ. P. 41(b)(1). The court rejected Worrey's argument and dismissed the action. Worrey appealed.

[¶ 5] If the docket does not show any action taken by the plaintiff for more than two years, "[o]nly a showing by the delinquent plaintiff of 'good cause to the contrary,'" will quiet Rule 41's command that the court dismiss the action. *Burleigh v. Weeks*, 425 A.2d 623, 624 (Me.1981) (quoting M.R. Civ. P. 41(b)(1)). On appeal Worrey *does not argue* that there is good cause to the contrary. The issue, therefore, is whether MSFCU's disclosure under oath pursuant to M.R. Civ. P. 4B(e) is an "action taken ... by the plaintiff" pursuant to M.R. Civ. P. 41(b)(1).

[¶ 6] The Rules provide that a trustee must "serve that trustee's disclosure under oath within 20 days after the service of the trustee summons." *See* M.R. Civ. P. 4B(e). If the trustee fails to make its disclosure, the "trustee will be defaulted and adjudged trustee as alleged," *see* M.R. Civ. P. 4B(b), and may be "liable for all costs afterwards arising in the action ...," *see* 14 M.R.S.A. § 2701 (1980). The rules and laws that govern the trustee's disclosure under oath reveal that it is the trustee—not the plaintiff—who is responsible for filing the disclosure and who suffers the consequences of not making a timely disclosure. Consequently, the MSFCU's disclosure under oath pursuant to M.R. Civ. P. 4B(e) was not an action taken by the plaintiff pursuant to M.R. Civ. P. 41(b)(1), and the last action taken by the plaintiff occurred more than four years prior to the M.R. Civ. P. 41(b)(1) notice. The court properly dismissed the case for want of prosecution pursuant to M.R. Civ. P. 41(b)(1).

[¶ 7] Pursuant to M.R. Civ. P. 76(f), we may award treble costs and reasonable expenses when an appeal is "frivolous or instituted primarily for the purpose of delay." We only award such costs when the appeal "is obviously without any merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court." *See Brooks v. Town of N. Berwick*, 1998 ME 146, ¶ 12, 712 A.2d 1050, 1054 (quoting *Auburn Harpswell Ass'n v. Day*, 438 A.2d 234, 238–39 (Me.1981)). Because this appeal was taken with no reasonable likelihood of success, we find it to be an egregious misuse of the process and award to the Fourniers treble costs plus $200 toward their counsel fees. *See Voignier v. Bittner*, 609 A.2d 709, 710 (Me.1992); *see also* M.R. Civ. P. 76(f).

The entry is:

Judgment affirmed. Treble costs and counsel fees in the amount of $200 shall be paid by plaintiff Wayne B. Worrey to defendants Mark C. and Sandra L. Fournier.

---

3. Maine Rule of Civil Procedure 41(b)(1) provides that,

> [t]he court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance.