1999 ME 175

**HUGHES BROS., INC.**

v.

**A & M CONTRACTORS, INC. et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1999.

Decided Nov. 24, 1999.

Christopher R. Largay, Joseph M Pickering, Largay Law Offices, P.A., Bangor, for plaintiff.

Frank B. Walker, Ellsworth, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

PER CURIAM.

[¶ 1] Hughes Bros. appeals from a judgment of the Superior Court (Penobscot County, Mead, J.), affirming a judgment of the District Court (Bangor, Russell, J.), which awarded damages to be recovered from the defaulted A & M Contractors, Inc., but declined to find the corporate principals individually liable for the corporation's debt to Hughes Bros. On appeal Hughes Bros. contends that the court erroneously interpreted certain evidence and that a finding of liability of the principals was compelled by the evidence.

[¶ 2] Hughes Bros., as plaintiff, had the burden of proving those facts necessary to its claim. See *Dowley v. Morency*, 1999 ME 137, ¶ 11, 737 A.2d 1061, 1066. To prevail on appeal from adverse findings of fact, a party with the burden of proof must demonstrate that a finding in its favor was compelled by the record. See *Schlear v. James Newspapers, Inc.*, 1998 ME 215, ¶ 3, 717 A.2d 917, 918. A review of the record fully supports the result reached by the District Court and does not compel a contrary determination that the principals were liable. At several points, during the course of the hearing, the trial court commented on the inadequacies of the evidence presented to it. Considering the state of the record and the fact that Hughes Bros. had the burden of proof, there is no real issue on appeal.

[¶ 3] Pursuant to M.R. Civ. P. 76(f), we may award treble costs and reasonable expenses when an appeal is frivolous. See *Worrey v. Fournier*, 1999 ME 78, ¶ 7, 729 A.2d 907, 909. We award such costs when the appeal "is obviously without any merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court." See *Brooks v. Town of N. Berwick*, 1998 ME 146, ¶ 12, 712 A.2d 1050, 1054 (quoting *Auburn Harpswell Ass'n v. Day*, 438 A.2d 234, 238–39 (Me.1981)). Because this appeal is frivolous and taken with no reasonable likelihood of success, we find it to be a serious misuse of the process and order appellant, or its counsel, to pay to Charles Adams, the only defendant who participated in the appeal, treble costs plus $500 toward his counsel fees. See *Worrey*, ¶ 7, 729 A.2d at 909; *Voignier v. Bittner*, 609 A.2d 709, 710 (Me.1992); *see also* M.R. Civ. P. 76(f).

The entry is:

Judgment affirmed. Treble costs and counsel fees in the amount of $500 shall be paid by appellant or its counsel to defendant, Charles Adams.