STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS.
CLERK'S OFFICE

Oct 4 12 31 PH '00

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-109
NM -CUM-10/4/2000

LESLIE E. THOMAS,

Plaintiff

vs.

DECISION AND ORDER

CITY OF SOUTH PORTLAND,
et al.,

DONALD L. GARBRECHT
LAW LIBRARY

OCT 11 2000

Defendants

The plaintiff appeals the City of South Portland Planning Board's 10/26/99 approval of the Stop 'n Shoppe Fuel Mart, Inc.'s (SNS) site plan application, which resulted in changes to the plaintiff's leasehold estate. See SPA-28; SP-6; Transcript of 10/26/99 Meeting at 27-29. The Planning Board subsequently voted against reconsidering the 10/26/99 approval. See Transcript of 11/9/99 Meeting at 14. The plaintiff argues that the SNS did not show sufficient right, title, and interest to the property to obtain the site plan approval. For the following reasons, the appeal is granted.

SNS submitted contracts for the purchase by SOPO Realty Trust of Yarmouth, Maine of lots 145, 146, 149, and 150 as a statement of its right, title, and interest. See SPA-4. The plaintiff is a subtenant under a written lease with Frank W. Patten, Jr. for a lot shown as parcel E (lot 146). See SP-3. Although not provided as part of the record, the lease and a letter from plaintiff's attorney regarding the plaintiff's status and intent to remain as a tenant was sent to corporation counsel for the City of

South Portland and to the attorney for SNS. See Ex. E, attached to Plaintiff's Rule 80B Complaint; Transcript of 11/9/99 Meeting at 4. Neither the plaintiff nor his attorney attended the 10/26/99 Planning Board meeting. The existence of the lease was discussed briefly at the Planning Board meeting. See Transcript of 10/26/99 Meeting at 18.

The plaintiff has standing to appeal the Board's decisions. See Department of Envtl. Protection v. Town of Otis, 1998 ME 214, ¶ 8, 716 A.2d 1023, 1025; Lucarelli v. City of South Portland, 1998 ME 239, ¶ 3, 719 A.2d 534, 535.

Pursuant to the South Portland Zoning Ordinance, the applicant for a site plan permit is required to submit a complete application; an application will not be reviewed by the Board until the application is complete. See SOUTH PORTLAND, ME., CODE § 27-144 (1992).[1] Among other things, the applicant is required to submit evidence of title, right, or interest in the site, a general summary of the existing burdens on the property, and copies of all relevant documents relating to such burdens. See id. § 27-144(1)(c) & (f). SNS is the applicant for the site plan application. See SPA-3. All documents submitted regarding right, title, or interest are in the name of SOPO Realty Trust. See SPA-4; Transcript of 11/9/99 Meeting at 2. There is no relationship, on this record, between the applicant and SOPO Realty Trust. See Southridge Corp. v. Board of Envtl. Protection, 655 A.2d 345, 348 (Me. 1995). Further, the applicant did not include any description of the petitioner's lease

---

[1]The zoning ordinance was attached to the respondents' memorandum.

and did not include a copy of that lease, which was recorded. <u>See</u> SPA-4; Transcript of 11/9/99 Meeting at 2.

At the 11/9/99 meeting, a Board member stated that "[i]f we had this information [regarding the Thomas lease] that night [10/26/99], it may have been different. It may not have been different." Transcript of 11/9/99 Meeting at 4; <u>see also</u> Transcript of 11/9/99 Meeting at 6 (". . . I think we made a good decision based on the information we had, but I am not sure we had all the information."). The focus of the subsequent discussion at the 11/9/99 meeting was Mr. Thomas's failure to attend the 10/26/99 meeting, as opposed to the applicant's failure to submit a complete application. The respondents continue this focus in their memorandum, in which they argue that

> [t]he documents and the issue [Mr. Thomas's lease] were therefore not a part of the record before the Planning Board and cannot be considered after the fact by this Court. The Planning Board made its decision based on the information contained in the record, and this Court must review the Board's decision based solely upon the information before the Board on October 26, 1999.

Respondents' Memorandum at 7. In other words, if an applicant fails to submit the documents required for a site plan application, that failure will be rewarded because potential issues will be eliminated on appeal. Even in light of the standard of review in these cases, this argument is unfair to the petitioner, who took reasonable steps to protect his interests by advising counsel for the respondents and SNS about his lease. <u>See Juliano v. Town of Poland</u>, 1999 ME 42, ¶ 5, 725 A.2d 545, 547; <u>see also</u> <u>Town of Otis</u>, 1998 ME 214, ¶ 8, 716 A.2d at 1025.

3

The Planning Board's finding that the applicant had submitted proof of "right, title and interest" is not supported by substantial evidence in the record. <u>See</u> <u>Richert v. City of South Portland</u>, 1999 ME 179, ¶ 6, 740 A.2d 1000, 1002; City of South Portland Planning Board Findings of Fact and Decision at 4.[2]

The entry is

The Appeal is SUSTAINED.

This case is REMANDED to the City of South Portland Planning Board for further proceedings consistent with this Decision and Order.

Date: October 4 , 2000

Nancy Mills
Justice, Superior Court

---

[2]The Planning Board's decision was attached to the respondents' memorandum.

Date Filed __11-24-99__      __CUMBERLAND__      Docket No. __AP 99-109__
County

Action ___APPEAL - 80(B)___

DONALD L. GARBRECHT
LAW LIBRARY

OCT 11 2000

LESLIE E. THOMAS

CITY OF SOUTH PORTLAND
CITY OF SOUTH PORTLAND PLANNING BOARD

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOSEPH R. MAZZIOTTI, ESQ 775-3148<br>PO BOX 3589, PORTLAND ME 04104 | MARY KAHL, ESQ   767-7605 (ALL)<br>PO BOX 9422 SO. PORTLAND, ME  04106 |

Date of