STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
DOCKET NO. AP-13-29
JAW-CuM-2/21/2014

CHARLES WOOLLEY and NANCY
WOOLLEY and ROBERT MCINTYRE
and DOROTHY ROSENBURG,

Plaintiff,

v.                                                    ORDER

STATE OF MAINE
Cumberland co. Clerk's Office

FEB 21 2014

RECEIVED

TOWN OF HARPSWELL and
CHERYL BAILEY and WILLIAM
BAILEY,

Defendants.

Before the court are defendants' motion for trial of facts and defendants' motion to dismiss.

The defendants have also filed a motion to specify future course of proceedings.

I.      Background

Plaintiffs have brought this 80B action for review of a variance on the property of Cheryl and

William Bailey granted by the Town of Harpswell Board of Appeals. Defendant has moved the

court to grant a trial of the facts in order to introduce facts that they believe are not included in

the record but are necessary for the court to address their motion to dismiss based on standing.

Because the filing of the Motion for Trial of the Facts tolled the time limits delineated in M.R.

Civ. P. 80B, no record has been submitted to the court. However, the parties have filed portions

of the record in making their arguments concerning defendants' motions.

II.      Discussion

A. Motion to Dismiss

The purpose of a motion to dismiss is to determine the legal sufficiency of the complaint.

Livonia v. Town of Rome, 707 A.2d 83, 85 (Me. 1998). The court will review the motion in the

1

light most favorable to the non-moving party, taking the facts as stated in the pleading to be true. Id. The court will grant a motion to dismiss only where "it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claims.'" McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994) (citation omitted).

Defendants move to dismiss based on the argument that Plaintiffs lack standing to bring the 80B action. In order to bring an 80B action, "the appellant must prove (1) that it was a party at the administrative proceeding, and (2) that it suffered a particularized injury as a result of the agency's decision." Norris Family Associates, LLC v. Town of Phippsburg, 2005 ME 102, ¶ 11, 879 A.2d 1007. In order to meet the prong of participation at the administrative level, "an appellant need not have formally appeared as a party as long as it participated throughout the process." Friends of Lincoln Lakes v. Town of Lincoln, 2010 ME 78, ¶ 12, 2 A.3d 284. The standard does not require a stringent showing of particularized injury. "If the appealing party is an abutter, the threshold requirements to establish standing are minimal." Sahl v. Town of York, 2000 ME 180, ¶ 8, 760 A.2d 266.

Defendants allege that either the plaintiffs did not appear before the Board or do not have a particularized injury. In arguing these issues, the parties have produced a portion of the record, including the minutes of the Harpswell Board of Appeals April 24, 2013 meeting at which the variance was granted; the transcript of the meeting; and several letters submitted to the Board of Appeals in advance of the meeting. Based on a review of these documents, it is apparent that the plaintiffs, as abutters, have standing to challenge the Board of Appeals' decision.

Plaintiffs all participated in the administrative process in some way. Charles and Nancy Woolley wrote a formal letter for the record opposing the variance.[1] Robert McIntyre and

---

[1] This case is distinguishable from Jaeger v. Sheehy, in which the appellant argued that his telephone conversations with a member of the board expressing his opinions prior to the hearings were a sufficient showing of participation

2

Dorothy Rosenberg attended the hearing and voiced their opposition to the variance. The nature of the "appearance" for Rule 80B standing purposes is interpreted to refer "to any 'participation' - formal or informal, whether personally or through an attorney in the municipal proceedings by – for example, 'voic[ing] . . . concerns for traffic, noise and aesthetics,' or 'express[ing] opposition' at a municipal hearing; no formal appearance is necessary.'" Witham Family Ltd. Partnership v. Town of Bar Harbor, 2011 ME 104, ¶ 10. 30 A. 3d 811, 814 (citations omitted).

Furthermore, plaintiffs have raised sufficient concerns regarding the variance to meet the minimal particularized injury standard. When the appellant is an abutting landowner, as the plaintiffs are here, the requirements of the particularized injury prong of the Rule 80B standing analysis are "minimal;" an abutter need only assert a "reasonable allegation of a potential for particularized injury . . . to establish the real controversy required for adjudication in a court." Sahl v. Town of York, 2000 ME 180, ¶ 8, 760 A. 2d 266. Plaintiffs raised concerns, first in their Complaint (See Complaint, ¶¶ 5, 10 and 11) with regard to their abutter status and that they are aggrieved by the decision to grant the variance, and then plaintiffs raised concerns disclosed in the record of possible development by the Baileys in the neighborhood, erosion of the shoreline, and the impact the variance may have on the views from abutting properties. A claim may proceed if there is any set of facts suggested by its allegations under which it would state a claim. Because plaintiffs have shown in their complaint and confirmed by the partial record produced by the parties' participation at the administrative proceeding and sufficient particularized injury, the court finds plaintiffs have standing to bring this 80B action and denies the motion to dismiss.

at the administrative proceeding. The Law Court found "[w]hile participation may be formal or informal, Jaeger's pre-hearing conversations with a member of the board were not sufficient participation." Jaeger v. Sheehy, 551 A.2d 841, 842 (Me. 1988). In the current case, unlike in Jaeger in which the appellant only spoke with one member of the board and depended upon that member to relay his opinions, Plaintiffs Charles and Nancy Woolley wrote a letter that was entered into the record and could be read and responded to by all members of the Board.

B. Motion for Trial of the Facts

"The purpose of Rule 80B(d) is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action." Baker's Table, Inc. v. City of Portland, 2000 ME 7, ¶ 9, 743 A.2d 237. A trial of the facts is not meant to permit a party a second chance at trying the same facts as were presented to the governmental body. Id. "Rather, it is intended to allow the reviewing court to obtain facts *not in the record* that are necessary to the appeal before the court." Id.

In order to show a Trial of the Facts is necessary,

> the moving party shall also file a detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial. That statement shall be sufficient to permit the court to make a proper determination as to whether any trial of the facts as presented in the motion and offer of proof is appropriate under this rule and if so to what extent.

M.R. Civ. P. 80B(d). The Court will not grant a trial of the facts based upon "vague, unsubstantiated allegations of bias and predisposition" Ryan v. Town of Camden, 582 A.2d 973, 975 (Me. 1990). Here, the offer of proof relates to standing issues only. There are no facts alleged outside of the record that relate to the issues before the court for appellate review. Regardless, the parties have produced sufficient portions of the record to permit the court to address the standing issues, preliminary to the court's appellate review.

Defendants contend that additional facts should be introduced with respect to the following matters:

"1. Facts surrounding the participation of Robert McIntyre at the administrative hearing as it relates to his standing to bring this appeal;
2. Facts surrounding the layout and configuration of the Bailey lot and the Rosenburg/McIntyre lot as it relates to whether a particularized injury is being suffered by Rosenburg and McIntyre as a result of the granting of the variance;

4

3. Facts surrounding the determination of the High Annual Tide mark on the Bailey lot; and
4. Facts concerning the Woolley's failure to appear at the administrative hearing as it related to their standing to bring this appeal, in the event that the record is not clear that they did not appear."

Cheryl and William Bailey's Offer of Proof on Motion for Trial of Facts Pursuant to Rule 80B(d) at 1.

These alleged facts do not address whether the Board properly applied the law or whether there is any competent evidence to support the Board's finding of facts, both of which would have been relevant to the Rule 80B appeal. See McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n, 1998 ME 177, ¶ 6, 714 A.2d 818. Rather, these allegations aim at the defendants' contention that the plaintiffs do not have standing. The standing issue has been disposed of in the prior section above. Absent allegations that relate to the question before this court on appeal, that is whether the Harpswell Board of Appeals erred in granting defendants' variance, no trial of the facts is necessary. Therefore, the defendants' motion for trial of the facts is denied.

It is hereby ORDERED:

The Court DENIES Defendants' Motion to Dismiss.

The Court DENIES Defendants' Motion for Trial of the Facts.

DATE: February 20, 2014

_____
Joyce A. Wheeler
Justice, Superior Court

Plaintiffs-John Cunningham Esq
Defendant Town of Harpswell-Sally Daggett Esq
Defendants Bailey-Jessica Maher Esq

5