MAINE SUPREME JUDICIAL COURT                                  Reporter of Decisions
Decision:      2017 ME 110
Docket:        Yor-16-248
Submitted
  On Briefs:   April 27, 2017
Decided:       June 6, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

RICHARD M. BALANO

v.

TOWN OF KITTERY et al.

PER CURIAM

[¶1] Richard M. Balano appeals from a judgment of the Superior Court (York County, *O'Neil, J.*) affirming the Town of Kittery Planning Board's decision to approve a site plan application for development of a hotel on Route 1. M.R. Civ. P. 80B(n); M.R. App. P. 2. Balano argues that the flat-roof design for the building is not permitted by the Town's ordinance because the evidence presented to the Board does not support its finding that a pitched roof is not "practicable," *see* Kittery, Me., Code § 16.3.2.11(D)(3)(b)(ii) (July 26, 2010); and that the proposed building will exceed height restrictions prescribed by the zoning ordinance. Balano also argues that the Planning Board acted beyond its authority by effectively granting variances when it approved the roof design and building height. *See id.* § 16.1.5.2(F)(3)

2

(designating the Board of Appeals as the municipal entity with authority to grant a variance). We affirm.[1]

[¶2] "We review the Planning Board's approval of the permit directly for error of law, abuse of discretion[,] or findings not supported by substantial evidence in the record." *Osprey Family Tr. v. Town of Owls Head*, 2016 ME 89, ¶ 9, 141 A.3d 1114 (quotation marks omitted); *see also Summerwind Cottage, LLC v. Town of Scarborough*, 2013 ME 26, ¶ 11, 61 A.3d 698. We accord substantial deference to "local characterizations or fact-findings as to what meets ordinance standards." *Rudolph v. Golick*, 2010 ME 106, ¶ 8, 8 A.3d 684.

[¶3] With respect to the roof design, pursuant to the Town Ordinance, if an applicant has "demonstrated to the Planning Board's satisfaction that [a pitched roof] is not practicable," the Board is authorized to approve a commercial building proposal with an alternative roof design. Kittery, Me., Code § 16.3.2.11(D)(3)(b)(ii). Here, the Board was presented with evidence that a pitched roof would present safety issues resulting from snow accumulation, and that mechanical equipment would be more accessible in an emergency if located on a flat roof as opposed to within the interior space of a

---

[1] We are not persuaded by the Town's contention on its cross-appeal that Balano does not have standing to pursue his appeal. *See Witham Family Ltd. v. Town of Bar Harbor*, 2011 ME 104, ¶ 7, 30 A.3d 811; *Friends of Lincoln Lakes v. Town of Lincoln*, 2010 ME 78, ¶ 12, 2 A.3d 284.

pitched roof. The Board's finding that a pitched roof is not practicable is supported by substantial record evidence, and because the Board itself was authorized to approve a flat-roof design in such circumstances, its decision did not amount to a variance. *See id.* §§ 16.3.2.11(D)(3)(b)(ii), 16.2.2.

[¶4] Regarding the building height, the Board did not err in its application of the Ordinance's height restrictions because roof parapets are not included in calculating the building height, *see id.* § 16.2.2 (defining "height of a building" and "parapet"), and approval of the proposed building height that complied with the Ordinance's requirements is not a variance.

The entry is:

Judgment affirmed.

_____

Richard M. Balano, appellant pro se

Duncan McEachern, Esq., McEachern & Thornhill, Kittery, for cross-appellant Town of Kittery

Durward W. Parkinson, Esq., and Leah B. Rachin, Esq., Bergen & Parkinson, LLC, Kennebunk, for cross-appellant 275 US Route 1, LLC

York County Superior Court docket number AP-2015-26
FOR CLERK REFERENCE ONLY