2010 ME 78

**FRIENDS OF LINCOLN LAKES**

v.

**TOWN OF LINCOLN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 7, 2010.

Decided: Aug. 12, 2010.

---

Lynne Williams, Esq., Bar Harbor, ME, for Friends of Lincoln Lakes.

Timothy C. Woodcock, Esq., Eaton Peabody, Bangor, ME, for the Town of Lincoln.

Juliet T. Browne, Esq., Scott D. Anderson, Esq., Verrill Dana LLP, Portland, ME, for Evergreen Windpower III, LLC.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1]  This appeal concerns a permit issued to Evergreen Windpower III, LLC to construct a portion of a wind power project in the Town of Lincoln.  Friends of Lincoln Lakes (Friends) opposed the project. Friends now appeals from a judgment entered in the Superior Court (Penobscot County, *Anderson, J.*) dismissing its M.R. Civ. P. 80B appeal for a lack of standing, and affirming, in the alternative, the decision of the Town of Lincoln Board of Appeals (Board).  We affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

[¶ 2]  Evergreen filed a permit application with the Town of Lincoln in early November 2008, requesting permission to construct a portion of a wind power project.  Prior to receiving the permit application, the Town Council and Planning Board held hearings on the question of whether to impose a moratorium on wind power applications in order to revise the Town's Code. Several individuals spoke at those hearings in favor of the moratorium, including one "on behalf of the Friends of Lincoln Lakes," and the Town Council minutes refer to a "[d]iscussion with The Friends of Rollins Ridge" and "the Friends of Lincoln Lakes request for a moratorium."  The Planning Board determined that the Code was adequate to review the project, and no moratorium was imposed.

[¶ 3]  Following these proceedings, Evergreen applied for a permit, and the Planning Board considered the application at a meeting on November 17, 2008.  Members of the public spoke both against and in favor of the project.  None of these individuals identified themselves as affiliated with Friends, although one stated that "[t]he Friends of Lincoln Lakes have some experts germane to the issue they would like to speak."  After the hearing, the Planning Board stated that they would accept written comments and hold another meeting on December 1, 2008.  At the next meeting, the Planning Board made factual findings that the site plan met each of the Code criteria and voted six to one to approve the plan pending approval by the Department of Environmental Protection.

[¶ 4]  An appeal was filed with the Board of Appeals on December 15, 2008, by "Friends of Lincoln Lakes, an association."  The Board held a hearing on January 8, 2009, and addressed the preliminary

issue of whether the applicant had a right to appear before the Board. According to the hearing notes, Friends' attorney had advance notice that the standing issue would be addressed at that hearing.

[¶ 5] At the hearing, Friends submitted its articles of incorporation, which showed that the organization was incorporated after the date of the appeal, on December 31, 2008. The Board then requested evidence that the incorporated entity was the same entity that filed the appeal, and Friends' attorney stated in response that she could give the Board a membership list, but she did not have it with her. Friends asserted that it had a total continuity of membership and leadership, and one member identified herself and stated that the group had met at her house. She did not say if any of the people that she knew to be members had participated at the Town Council or Planning Board meetings, or if any of them, including herself, were abutters to the property or even residents of the Town of Lincoln. Another person stated that he had written the by-laws of Friends before the incorporation date, and also that the people present before the Board attended the prior Town Council and Planning Board meetings, but did not clarify if any of them had participated at the meetings or identify their interest. The Board asked if the membership had voted to approve the appeal, and that person responded that the decision was made by a consensus among the Friends leadership. When asked if it was a homeowners association, Friends responded that it was not "per se," but rather was "interested in the environment of your community and issues raised about development and things of that nature."

[¶ 6] The Board voted four to two that it lacked sufficient evidence of the identity and interest of Friends to hear the appeal on the merit s, specifying that it could not determine if Friends existed on the dates of the Planning Board meeting, if the people participating before the Planning Board were authorized by Friends, if the persons filing the appeal were authorized by Friends, or the nature of Friends' interest in the proceedings. It noted that Friends had submitted no evidence beyond its articles of incorporation and bank records that the Board did not accept because Friends did not allow the bank records to be copied and entered into the record. The articles of incorporation state that Friends has "no members." Because it could not determine the applicant's legal identity, participation, or legal interest, the Board dismissed the appeal.

[¶ 7] Friends filed a complaint with the Superior Court pursuant to M.R. Civ. P. 80B. The court held that Friends had not shown standing to bring an 80B complaint because while Friends had participated at the Board hearing it had shown no particularized injury to any member. The court held, in the alternative, that the Board's dismissal was supported by substantial evidence in the record and was within the Board's discretion, noting that Friends gave the Board no information regarding whether it was a successor to the unincorporated association and had not identified a single continuous participating member. Friends filed this timely appeal.

## II. DISCUSSION

### A. Standing to Seek Judicial Review

[¶ 8] "[I]n order to have standing to file an 80B appeal in the Superior Court, the appellant must prove (1) that it was a party at the administrative proceeding, and (2) that it suffered a particularized injury as a result of the agency's decision." *Norris Family Assocs., LLC v. Town of Phippsburg*, 2005 ME 102, ¶ 11, 879 A.2d 1007, 1012. We review the issue of a party's standing to bring an 80B appeal de

novo. *Id.* Because, as we explain below, Friends has demonstrated no particularized injury resulting from the Board's action, it lacks standing to seek judicial review under M.R. Civ. P. 80B and therefore the Superior Court properly dismissed the action.

**B. Standing to Appear Before the Board**

[¶ 9] Although our decision rests on our holding that Friends had no standing to bring the 80B action in the Superior Court, we address the court's alternative holding upholding the Board's dismissal, in order to clarify the requirements for standing to appear before a municipal board of appeals. In evaluating the town's actions, "we review directly the decision of the tribunal of original jurisdiction," which in this case is the Board because it conducted fact-finding on the standing issue. *Nergaard v. Town of Westport Island,* 2009 ME 56, ¶ 11, 973 A.2d 735, 739. The decision to deny standing to Friends is reviewed "for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Id.*

[¶ 10] A municipality may give a board of appeals "the power to hear any appeal by any person, affected directly or indirectly." 30–A M.R.S. § 2691(4) (2009). " 'Person' means an individual, corporation, partnership, firm, organization or other legal entity." 30–A M.R.S. § 2001(14) (2009). "[T]he question of whether a party has standing to bring an administrative appeal depends on the language of the governing ordinance." *See Nergaard,* 2009 ME 56, ¶ 12, 973 A.2d at 739.

[¶ 11] Here, the Lincoln Code provides that an appeal may be taken "by an aggrieved party," Lincoln, Me., Code

§ 1313.15(G)(3)(a)(1), and defines an aggrieved party to include a "person or group of persons who have suffered particularized injury," *id.* § 1313.16(B). In a recent decision interpreting an ordinance containing identical language, we held that to establish standing the plaintiff "must demonstrate not only that he or she had party status at the administrative proceedings, but, *in addition,* that he or she has suffered a particularized injury or harm." *Nergaard,* 2009 ME 56, ¶ 16, 973 A.2d at 740.

**1. Party Status**

[¶ 12] Friends bore the burden of proving that it met the definition of an aggrieved party. *See id.* ¶ 14, 973 A.2d at 739. Because "matters before a local board of appeals are conducted in a fashion far less formal than court proceedings," an appellant need not have formally appeared as a party as long as it participated throughout the process. *See Pride's Corner Concerned Citizens Ass'n v. Westbrook Bd. of Zoning Appeals,* 398 A.2d 415, 417 (Me.1979).

[¶ 13] Friends has not shown participation throughout the process. The Board requested that Friends show that it or some predecessor had participated before the Planning Board. As the court observed, Friends did not identify a single continuous participating member, and the minutes of the meeting do not identify any Friends members participating. Although a number of people connected to Friends appear to have attended the Board hearing, none of them stepped forward to state that they had participated in the Planning Board meeting as members of or on behalf of Friends. Under those circumstances, the Board did not err in finding insufficient evidence of participation.[1] Because

---

1. Friends appears to assert that the Board further erred by denying them the opportunity

to make a substitution of parties, which would have addressed the standing issue. Friends

participation was not shown, we need not address the Board and Evergreen's argument that an unincorporated entity cannot be a party before a board.

### 2. Particularized Injury

[¶ 14] To establish standing before the Board, similar to seeking judicial review in an 80B action, Friends must also demonstrate a particularized injury. *See Nergaard*, 2009 ME 56, ¶ 16, 973 A.2d at 740. "A particularized injury occurs when a judgment or order adversely and directly affects a party's property, pecuniary, or personal rights." *Id.* ¶ 18, 973 A.2d at 740. Users of affected property may have standing, *see, e.g., In re Int'l Paper Co.*, 363 A.2d 235, 238–39 (Me.1976) (finding organizations to be aggrieved parties under the relevant statute because members breathed the air that would likely be affected by the proposed development), but the party's injury must be distinct from that suffered by the public at large, *Nergaard*, 2009 ME 56, ¶ 18, 973 A.2d at 740. There is a minimal threshold for an abutting landowner. *Id.* ¶ 18, 973 A.2d at 740–41. "Additionally, standing has been liberally granted to people who own property in the same neighborhood as the property that is subject to a permit or variance." *Id.* ¶ 18, 973 A.2d at 741.

[¶ 15] Friends therefore could have established this element by pointing to a single member who owns property that abuts or is in close proximity to the affected land and who can allege a potential for particularized injury or who will suffer some injury to a pecuniary interest or personal right. Even with this low threshold, however, Friends failed to show a particularized injury because it identified no members who would be affected by the project in any way.

[¶ 16] The Board gave Friends ample opportunity to submit some minimal evidence regarding its identity, participation, and interest, and Friends did not comply. The Board was not required to give Friends an additional opportunity, and did not err, abuse its discretion, or make findings not supported by substantial evidence in the record in holding that Friends had failed to demonstrate its status as an aggrieved party with a right to appear before the Board.

[¶ 17] In conclusion, we affirm the dismissal of the action because Friends failed to demonstrate standing to bring an 80B appeal. Alternatively, Friends failed to show standing to appear before the Board. Because we affirm the judgment, we do not address the Board's additional argument that the court erred by reviewing evidence outside the record that was favorable to Friends.

The entry is:

Judgment affirmed.

---

has not shown any possible substitution, however, that would meet party status, and, as the Board and Evergreen point out, Friends never

affirmatively requested a substitution of parties, and so has shown no error or abuse of discretion on this issue.