STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO: AP-11-012
                                        RAC — CuM — 12/15/2011

WILLIAM BOUCHER

and

FORTUNES ROCKS
CONSULTANTS,

                Petitioners,

v.                                      **ORDER**

MAINE WORKERS'
COMPENSATION BOARD,

                Respondent.

Pursuant to M.R. Civ. P. 80C, petitioners William Boucher and Fortunes Rocks

Consultants' appeal of the Maine Workers' Compensation Board's action is before

the court.

## BACKGROUND

Petitioner William Boucher is a physician licensed in the State of Maine and

the president of petitioner Fortunes Rocks Consultants, a Maine corporation. (R.

4, 163.) Through Fortunes Rocks Consultants Dr. Boucher performs independent

medical evaluations associated with workers' compensation claims. (R. 123.)

Petitioners charge a uniform hourly rate for all consultations. In 2008,

Fortunes Rocks charged $335 per hour for preparation time for depositions and

$500 per hour for time spent in the deposition. (R. 39, 150.) At that time, the

maximum fees allowed by the Maine Workers' Compensation Board ("Board")

were $180.00 per hour for preparation for a deposition and $300.00 per hour for

attendance. 90-351 C.M.R. ch. 5, § 12 (2011); R. 265.

1

Dr. Boucher conducted an independent medical examination of Charlene Dutremble on September 17, 2008, in conjunction with a workers' compensation claim. (R. 7.) Ms. Dutremble's attorney, Howard Reben, scheduled a deposition for Dr. Boucher and Attorney Reben was sent an invoice requesting prepayment. (R. 128–29.) Dr. Boucher claims that when the invoice was submitted he did not know that the case was a Maine workers' compensation case. (R. 132.) Other evidence presented to the court, however, indicated that Dr. Boucher was aware of the circumstances. (R. 19.)

Attorney Reben refused to prepay for the deposition and told Petitioners that he would address the invoice at the deposition. (R. 129.) During the deposition Dr. Boucher admitted that he charges $500 per hour for a deposition, despite his knowledge of the statutory requirements for a lower rate. (R. 43.) Additionally, Dr. Boucher admitted that other clients had paid the higher rate when the lower rate applied. (R. 43–44.) Dr. Boucher later told the Board that his deposition was "incorrect" and he "had absolutely no intention of defrauding Mr. Reben, his client, or anyone else." (R. 45.) Dr. Boucher accepted payment from Attorney Reben for the deposition in accordance with the Board's maximum rate. (R. 78.)

Attorney Reben filed a complaint with the Board pursuant to 39-A M.R.S.A. § 360(2). (R. 4–5.) Through their attorney, Petitioners asserted that Ms. Dutremble did not have standing to file this complaint. The Abuse Investigation Unit of the Board referred the matter for a formal hearing with Michael Stovall, the Hearing Officer in the Portland Regional Office. (R. 48.) On October 8, 2009, Attorney Reben requested that the Hearing Officer order Dr. Boucher to "provide access to his billing files to determine whether the unlawful rate has been charged to

2

others." (R. 54.) The Hearing Officer ordered the production of these files and implied that Ms. Dutremble did have standing in the hearing. (Supp. R. 304–05.)

At the hearing the Hearing Officer did not directly address standing, although the billing files for other clients were introduced, and objected to, as evidence. (R. 115.) On November 4, 2010, the Hearing Officer issued an order permitting the billing files as exhibits since "they are relevant to the issue of what Dr. Boucher routinely charged employers and employees for depositions during the applicable time period." (R. 283.) On February 28, 2011, the Hearing Officer ordered Fortunes Rocks to pay a penalty in "an amount approximately equal to the excessive fees it has charged employers and insurers and employees since November 2005 as well as an additional $1000.00 in light of the fact that it is clear they continue to overcharge with the knowledge that it is doing so." (R. 302.)

Petitioners filed this appeal against the Board on March 22, 2011.

## ANALYSIS

### 1. Standard of Review

This court reviews agency decisions for an abuse of discretion, error of law, or findings unsupported by substantial evidence from the record. *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 14, 818 A.2d 1013. The court must defer to the agency's interpretation of its own internal rules and regulations "unless the rules or regulations plainly compel a contrary result." *Rangeley Crossroads Coal v. Land Use Reg. Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223. Additionally, the court must give great deference to an agency's interpretation of a statute it is charged with administering. *Id.*

3

2. Willful Violation

Petitioners are charged with violating section 360(2) of the Maine Workers'
Compensation Act ("Act"). Section 360(2), in relevant part, reads:

> The board may assess, after hearing, a civil penalty . . . for *any willful
> violation of this Act*, fraud or intentional misrepresentation.

39-A M.R.S.A. § 360(2) (2010) (emphasis added). The Board asserts that Petitioners
willfully violated section 209 of the Act.

> A health facility or health care provider must be *paid* either its usual
> and customary charge for any health care services or the maximum
> charge established under the rules adopted pursuant to subsection 1,
> whichever is less.

39-A M.R.S. § 209(2) (2010) (emphasis added).

Petitioners assert that section 209(2) does not apply to the transaction
involving Ms. Dutremble and Attorney Reben because they ultimately only *paid* a
total based on the maximum allowed rates, although they were charged a higher
rate. (Pets' Br. 14.) The Hearing Officer disagreed stating that he did not "believe
it necessary for a party to actually pay the excessive charge in order" to violate the
statute." (R. 301.) Instead, he found "that the violation occurred when Dr.
Boucher knowingly charged a fee in excess of the maximum rate." (*Id.*)

Statutory interpretation is a question of law that is properly before this
court. "A statute will be interpreted according to its plain meaning to discern the
intent of the Legislature. If a statute is reasonably susceptible to different
interpretations, it is ambiguous, and only then may we review additional indicia
of legislative intent to determine its meaning." *Peters v. O'Leary*, 2011 ME 106, ¶
13, __ A.3d __ (internal citations omitted). Since this is an administrative appeal,
the court must give deference to the agency's interpretation of the statute.
*Rangeley Crossroads Coal*, 2008 ME 115, ¶ 10, 955 A.2d 223. This deference is
limited, however, to situations where "the statute is considered ambiguous, but

4

[the court] will apply a different interpretation if 'the statute plainly compels a contrary result.'" *Dep't of Corr. v. Pub. Utils. Comm'n*, 2009 ME 40, ¶ 8, 968 A.2d 1047 (quoting *Competitive Energy Servs. LLC v. Pub. Utils. Comm'n*, 2003 ME 12, ¶ 15, 818 A.2d 1039).

Although the Hearing Officer determined that "paid" had a broad interpretation, the plain meaning of the word does not encompass the amount a party charges. Charge and paid are separate portions of a transaction and both terms are utilized in section 209(2). Based on the plain reading, the statute is not ambiguous. Dr. Boucher charged $500 per hour to participate in a deposition, but he was only paid $300 per hour. Therefore, in terms of their transaction with Ms. Dutremble, Petitioners did not violate the statute.

3. Standing

Petitioners argue that Ms. Dutremble did not have standing before the Hearing Officer. To establish standing in administrative proceedings the plaintiff must demonstrate a particularized injury. *Friends of Lincoln Lakes v. Town of Lincoln*, 2010 ME 78, ¶ 14, 2 A.3d 284. A party has a particularized injury "when the defendant's actions have adversely and directly affected the plaintiff's property, pecuniary or personal rights." *Stull v. First Am. Title Ins. Co.*, 2000 ME 21, ¶ 11, 745 A.2d 975. "In the context of an administrative decision . . . whether a party has standing depends on the wording of the specific statute involved." *Lindemann v. Comm'n on Gov't Ethics & Election Practices*, 2008 ME 187, ¶ 9, 961 A.2d 538 (quotation marks omitted).

The Board provides regulations for the assessment of penalties under section 360(2).

5

(2) *Any party in interest,* including any deputy director or assistant director of the Workers' Compensation Board, may file a Section 360(2) complaint with the Abuse Investigation Unit.

. . .

(4) The Presiding Officer will schedule and hold a hearing in referred cases . . . . In cases where there is *no specific complaining party,* the Abuse Investigation Unit will present evidence acquired by the investigation.

90-351 C.M.R. ch. 15 (2011) (emphasis added).

Based on this statute, the Board argues that Ms. Dutremble is a party-in-interest because the billing practices caused her harm. (Res. Br. 18.) While the billing practices may have placed Ms. Dutremble in an inappropriate situation, she was not involved in a transaction that violated the statute. As a result, she did not experience a particularized injury and she is not a party in interest.

Although Ms. Dutremble did not pay the higher rates, Petitioners' billing records, provided as evidence in the hearing, indicate that prior clients may have paid the higher rate in violation of 39-A M.R.S. § 209(2) (2010). (R. 283.) Despite these potential violations, Ms. Dutremble may not assert third party standing on behalf of these other clients. *See Stull,* 2000 ME 21, ¶ 11, 745 A.2d 975 ("Litigants normally may not assert the rights of third parties . . ."). If the Board chooses to pursue an action against Petitioners based on these billing records, the regulations allow the Board to conduct an investigation and hold a hearing without a specific complaining party. 90-351 C.M.R. ch. 15(4) (2011).

**The entry is:**

The Hearing Officer's final decision is vacated.

DATE: December 15, 2011

Roland A. Cole
Justice, Superior Court

6

| Date Filed __03-22-11__ | Cumberland | Docket No. ___AP-11-12___ |
|---|---|---|
| | County | |

Action _____80C Appeal_____

WILLIAM BOUCHER, M.D.
FORTUNES ROCKS CONSULTANTS

MAINE WORKERS COMPENSATION BOARD

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| CHRISTOPHER C. TAINTOR, ESQ.<br>415 CONGRESS ST., P.O. BOX 4600<br>PORTLAND, ME 04112-4600 | HOWARD REBEN ESQ FOR PII CHARLENE<br>DUTREMBLE<br><br>John Rohde, Esq. (Me. Workers) |

| Date of Entry | |
|---|---|
| 2011<br>Mar. 23 | Received on March 22, 2011. |