STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-12-011

TAZEWELL MUMFORD

Petitioner,

v.                                                          ORDER

CHIEF EDWARD TOLIN,

FALMOUTH POLICE DEPARTMENT

and

TOWN OF FALMOUTH                        **STATE OF MAINE**
                                                          **Cumberland,ss,Clerk's Office**

Respondents,                                    **JUL 2 4 2012**

and
                                                          **RECEIVED**
FALMOUTH ROD & GUN CLUB

Party-in-Interest.

Two motions are before the court: petitioner's motion for trial of the facts and

respondents and party-in-interest's motion to dismiss counts I, II, and III of the

complaint for lack of jurisdiction.

## BACKGROUND

The Falmouth Rod & Gun Club (Gun Club) is a non-profit corporation that has

existed since 1949. In 2004, the Gun Club sought zoning permits to improve their

ranges, those permits were eventually approved. In 2011, the Town of Falmouth

(Town) realized that the Gun Club had not been properly permitted to be a shooting

range under the Town's firearms ordinance since the mid-1990s. The Gun Club

temporarily shut down operation and initiated the permit process.

1

During the permit process the Chief of Police Edward Tolin (Chief) accepted comments from and met with abutting landowners, including Mumford; discussed necessary changes; and visited the range. Once the necessary changes were in place the Chief issued the necessary permits pursuant to Falmouth Code of Ordinances § 10-1(b)(4). Mumford expressed concern about the range claiming that bullets had entered his property. He also asked the Gun Club and the Town if his expert could inspect the ranges and consider the safety features. The Gun Club refused to allow the expert to inspect the premise and the Town stated that it could not force the Gun Club, a private organization, to allow the expert to conduct the inspection.

After the permit was issued Mumford asked the Chief to reconsider. The Chief did not respond to this request. Mumford filed this five-count[1] Rule 80B appeal in response to the issuance of the firearm range permits.

## DISCUSSION

1. Jurisdiction

The respondents argue that the court does not have jurisdiction to hear counts I, II, and III. "Rule 80B does not create an independent right to appeal any governmental action to the Superior Court, but only provides the procedure to be followed for those disputes in which the court has jurisdiction." *Your Home, Inc. v. City of Portland*, 505

---

[1] Mumford addressed whether counts III, IV, and V are governmental actions, controlled by Rule 80B, or independent actions. Count III alleges a violation of the Freedom of Access Act, which is a governmental action. *See Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 11 n.6, 743 A.2d 237 ("We have . . . held that FOA claims are in the nature of reviews of governmental actions, not independent claims. Accordingly, when there is evidence outside the record that is relevant to a challenge under FOA, the complainant must file a Rule 80B(d) motion.").

Mumford also brought two civil rights claim, counts IV and V. These claims are typically considered independent claims, but "when direct review is available pursuant to Rule 80B, it provides the exclusive process for judicial review unless it is inadequate." *Gorham v. Androscoggin County*, 2011 ME 63, ¶ 22, 21 A.3d 115. At this point it is not possible to determine the adequacy of judicial review for the civil rights claims. As a result, the court will not address counts IV and V and it will treat count III as a governmental action.

2

A.2d 488, 489 (Me. 1986). The Superior Court may review governmental actions when review "is provided by statute or is otherwise available by law." M.R. Civ. P. 80B(a). Here, review is clearly not provided by statute. "Review is deemed 'otherwise available by law' if it is in the nature of that formerly available under the common law extraordinary writs, such as certiorari, mandamus or prohibition, adapted to current conditions." *Lyons v. Bd. of Dir. of Sch. Admin. Dist. No. 43*, 503 A.2d 233, 236 (Me. 1986).

The petitioner maintains that the writ of certiorari applies in this case.

> Until 1967, the writ of certiorari was the appropriate procedure to invoke judicial review of actions taken by a governmental agency performing a judicial or a quasi-judicial function. An agency's actions are quasi-judicial in nature when it adjudicates the rights of a party before it.

*Id.* To fulfill this quasi-judicial requirement the party appearing before the agency must have possessed a right to appear before it in the first instance. *Dowey v. Sanford Hous. Auth.*, 516 A.2d 957, 960 (Me. 1986).

Here, Mumford is an abutting landowner. As a result, there is a minimal threshold to demonstrate a particularized injury and establish standing. *Friends of Lincoln Lakes v. Town of Lincoln*, 2010 ME 78, ¶ 14, 2 A.3d 284; *see Fryeburg Water Co. v. Town of Fryeburg*, 2006 ME 31, ¶ 11, 893 A.2d 618 (noting that abutting property owners need only allege a potential for particularized injury to have standing). Mumford has alleged a particularized injury through his complaints about stray bullets entering his property.[2] Since Mumford's rights were adjudicated and the act of issuing the permit falls within the writ certiorari it appears as though this court has jurisdiction to consider the appeal.

---

[2] Incidentally, if the permit was for a personal range it could not be issued "if there is any conflict of property abutters." (R. 3.)

3

## 2. Trial of the Facts

Mumford moves for a trial of the facts pursuant to Rule 80B(d). "The purpose of Rule 80B(d) is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action." *Baker's Table, Inc.*, 2000 ME 7, ¶ 9, 743 A.2d 237. As required by Rule 80B(d) Mumford offered a "detailed statement . . . of the evidence that [he] intends to introduce at trial." M.R. Civ. P. 80B(d). The majority of the additional facts outlined in the statement are already included in the record.[3] Other statements were inappropriate for a trial because they were legal conclusions[4] or irrelevant.[5] The remaining facts relate to the nationally recognized benchmark for target range safety design and whether the Falmouth Police Department uses this standard.[6]

Based on the record, the court cannot determine what standard the Chief used to determine that the range is now safe.[7] The Town asserts that it is inappropriate for Mumford to inquire about the mental processes of administrative decision makers. *See Dyer v. DOT*, 2008 ME 106, ¶ 1 n.1, 951 A.2d 821 (limiting inquiries into the mental processes of administrative decision-makers to 'strong showing[s] of bad faith or improper behavior'). Here, the issue is not the mental processes, but instead the court needs to understand the basis of the decision in order to have meaningful judicial review. *Chapel Rd. Assocs. v. Town of Wells*, 2001 ME 178, ¶ 10, 787 A.2d 137 (requiring a finding of facts for meaningful judicial review of an agency decision).

---

[3] R. 94, 109-116 covers facts 13 and 22; R. 93-118 covers facts 14-21, and R. 2 and 3 covers fact 1.

[4] For example, "facts" 2, 22, and 23 contain legal conclusions.

[5] Facts 6-9 discuss the permitting process for the Gun Club and facts 10-12 confer Mumford's personal relationship with the Gun Club. These facts are irrelevant to the merits of this appeal.

[6] Mumford argues that he needs a trial of the facts to determine whether the inspection violated the Freedom of Access Act. The detailed statement, however, does not address what happened at the inspection, only that the inspection took place, which is established in the record.

[7] The record contains emails that reference the use of the NRA standard (*see* R. 62), but it is unclear exactly what guidelines the chief followed.

4

Although the court needs to know the standard the Chief used in issuing the permit, this is not an issue for a trial of the facts. Instead, the court remands this appeal to allow the Chief to issue a finding of facts and conclusions of laws that outlines the basis for his decision.

**The entry is:**

The court **REMANDS** this appeal for further consideration consistent with this order.

DATE: July 23, 2012

Roland A. Cole
Justice, Superior Court

5

Date Filed __2-2-12__    __CUMBERLAND__    Docket No. __AP-12-11__

County

Action _____ 80B APPEAL _____

TAZEWELL MUMFORD

CHIEF EDWARD TOLIN
FALMOUTH POLICE DEPARTMENT
TOWN OF FALMOUTH
FALMOUTH ROD AND GUN CLUB

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| RUFUS BROWN ESQ<br>PO BOX 7530<br>PORTLAND ME 04112 | William Plouffe Esq (all except Falmouth R<br>and Gun Club)<br><br>Daniel Cummings Esq. (Falmouth Rod and<br>Gun Club) |

Date of
Entry

2012