STATE OF MAINE                                    SUPERIOR COURT
LINCOLN, ss.                                      CIVIL ACTION
                                                  DOCKET NO. WISSC-AP-2018-3

OUR TOWN, ANNA JANSEN,                )
AND CATHERINE BLOUNT                  )
                                      )
          Petitioners,                )
                                      )
                                      )    ORDER AFFIRMING THE
     v.                               )    DAMARISCOTTA BOARD OF
                                      )    APPEALS' DECISION THAT
TOWN OF DAMARISCOTTA, THE             )    PETITIONERS LACKED STANDING
DAMARISCOTTA PLANNING                 )
BOARD, THE DAMARISCOTTA               )
BOARD OF APPEALS, AND                 )
DAMARISCOTTA MAIN STREET              )
LLC                                   )
                                      )
          Defendant.

This matter is before the Court on the issue of Petitioners' standing before the Damariscotta Board of Appeals. On April 21, 2018, the Petitioners filed a Rule 80B appeal. On July 23, 2018, all parties were ordered to brief the discrete issue of standing.

## FACTUAL BACKGROUND

On July 24, 2017, Damariscotta Main Street LLC ("DMS") filed a preliminary site plan for development of 435 Main Street with the Damariscotta Planning Board ("Board"). Pet'rs' Br. 1. On August 7, 2017, a preliminary workshop meeting was held on the plan. Town of Damariscotta ("Damariscotta") Br. 2. Public hearings on the DMS site plan began on September 18, 2017, and continued through February 5, 2018, when the Planning Board made corrections to its Notice of Decision after it voted unanimously to approve the plan on December 4, 2017. Damariscotta Br. 2. At some point after December 4, the record was reopened "for certain corrections." DMS Br. 3. On January 8, 2018, Our Town submitted written comments in opposition to the plan. Town Br. 2. On March 2, 2018, Our Town and Anna Jansen ("Jansen") submitted an administrative

1

appeal application to the Damariscotta Board of Appeals ("BOA"). Damariscotta Br. 2. A hearing on the appeal was held on March 27, 2018, and the BOA issued a written decision on March 30, 2018 denying the appeal because it determined that Our Town and Jansen lacked standing before the BOA. Petr'rs' Br. 2.

Blount attended and spoke at the August 7, 2017 preliminary workshop meeting regarding the site application. Damariscotta Br. 2. Blount brought up concerns about parking and a buffer around the property. Record 193 ("R."). Jansen never attended a meeting regarding the site plan. DMS Br. 3. Petitioners assert that Our Town was represented by Peter Drum, who attended some of the meetings and submitted written statements on behalf of our town. Petr'rs' Br. 4. Jansen never attended a hearing.

## DISCUSSION

A municipality's decision to deny standing before a board of appeals is reviewed for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Friends of Lincoln Lakes v. Town of Lincoln*, 2010 ME 78, ¶ 9, 2 A.3d 284 (quoting *Nergaard v. Town of Westport Island*, 2009 ME 56, ¶ 11, 973 A.2d 735, 739). The Superior Court reviews the decision of the body that conducted fact-finding on the standing issue. *Friends of Lincoln Lakes*, 2010 ME 78, ¶ 9, 2 A.3d 284 (*"Friends"*). In the case at bar, the BOA held a public hearing on the Petitioners' appeal. However, Damariscotta asserts that the BOA acted in a purely appellate capacity as it was "limited to consideration of the record when holding the public hearing," and it was not a *de novo* hearing.[1] Damariscotta's Br. 4. In *Nergaard v. Town of Westport Island*, the petitioners appealed the Board's decision, and a hearing was held before the BOA. 2009 ME 56, ¶ 7,

---

[1] According to the Notice of Decision, R. 325-25B, the BOA heard arguments, reviewed the briefs provided by DMS and Our Town, and reviewed the record, including the Board meeting minutes.

2

973 A.2d 735. There, the Law Court determined that the BOA "acted as the tribunal of original jurisdiction and conducted a de novo fact-finding process to decide the issue of standing, and reviewed the BOA decision "for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Id* ¶ 11. Regardless of the role the BOA took here, the same standard of review is used when the BOA acts as both the fact finder and the decision maker. *Peregrine Developers, LLC v. Town of Orono*, 2004 ME 95, ¶ 9, 854 A.2d 216.

## STANDING BEFORE THE BOARD OF APPEALS

"[W]hether a party has standing to bring an administrative appeal depends on the language of the governing ordinance." *Friends of Lincoln Lakes v. Town of Lincoln*, 2010 ME 78, ¶ 10, 2 A.3d 284. For an "aggrieved party" to establish standing, she must show that "she had party status at the administrative proceedings, [and] that [] she suffered a particularized injury or harm." *Id.* ¶ 11.

Party status requires an aggrieved party to show that they have "participated throughout the process," although this is less than a formal appearance. *Id.* ¶ 12. When a group is asserting that it is an aggrieved party, the Law Court has not found standing where people connected to the group have attended the meetings, but "none of them stepped forward to state that they had participated in the Planning Board meeting as members of or on behalf of" the group. *Id.* ¶ 13. Party status is also not met for a group when it fails to show a "continuous participating member" and when the meeting minutes do not reflect group members participating. *Id.*

Particularized injury occurs when a "judgment or order adversely and directly affects a party's property, pecuniary, or personal rights." *Id.* ¶ 14. This harm must be "distinct from that suffered by the public at large," but "there is a minimal threshold for an abutting landowner." *Id.* If the appealing party is an abutter, she "need only allege a

3

potential for particularized injury to satisfy the standing requirement." *Fryeburg Water Co. v. Town of Fryeburg*, 2006 ME 31, ¶ 11, 893 A.2d 618.

## DAMARISCOTTA'S ORDINANCE REGARDING APPEALS

An aggrieved party must file an appeal with the BOA within thirty (30) days of the date of the decision of the board. Damariscotta, Me. Site Plan Review Ordinance § 13.A (June 15, 2016). An aggrieved party is:

> an owner of land whose property is directly or indirectly affected by the granting or denial of a permit . . . ; a person whose land abuts land for which a permit or variance has been granted; or any other person or group of persons who have suffered particularized injury as a result of the granting or denial of such a permit.

§ 15.

## *FRIENDS* IS SIMILAR TO, AND PROVIDES GUIDANCE FOR, THE CASE AT BAR

Regarding Our Town's claim of party status, *Friends* is similar to the case at bar. There, members of the group spoke at hearings regarding whether to impose a moratorium on permit applications of wind power projects. *Friends of Lincoln Lakes v. Town of Lincoln*, 2010 ME 78, ¶ 2, 2 A.3d 284. No moratorium was imposed, and after a wind power application had been received, the Planning Board held hearings where public citizens spoke both for and against the application. *Id.* ¶ 3. None of the people who spoke at the subsequent hearings "identified themselves as affiliated with Friends, although one [person] stated that the Friends [] have some experts germane to the issue they would like to speak." *Id.* (internal quotations and alterations omitted). Despite another public hearing and the opportunity for written comments, no one associated with Friends made comments or participated. *Id.*

A tangential issue in *Friends* was whether the group existed during the planning board hearings. *Id.* ¶¶ 4-6. The group asserted that "it had a total continuity of

4

membership and leadership," but did not provide whether any members participated in the planning board meetings, or whether any members were abutters to the property. *Id.* ¶ 5. Another person associated with the group asserted that the people who brought the appeal to the BOA had attended planning board meetings, but he did not "clarify if any of them had participated at the meetings or identif[ied] their interest." *Id.* ¶ 3. The group's incorporated existence was not addressed by the Law Court. *Id.* ¶ 13. However, the court did address the group's standing before the BOA.

To give guidance, the Law Court clarified the requirements for standing before a BOA. *Id.* ¶ 9. Confronted with a definition of "aggrieved party" nearly identical to Damariscotta's ordinance, the Law Court determined that Friends failed the party status prong of standing because it did not show "participation throughout the proceedings." *Id.* ¶ 12. Friends did not identify "a single continuous participating member, and the minutes of the meeting [did] not identify any Friends members participating." *Id.* ¶ 13. Further, even though people connected to Friends may have attended the hearings, when before the BOA, "none of them stepped forward to state that they had participated in the Planning Board meeting as members or on behalf of Friends." *Id.*

### PETITIONERS PARTICIPATED LESS THAN THE *FRIENDS* GROUP

The facts of this case are similar to those in *Friends*. Here, Blount, who now purports to be a member of Our Town, only made comments at the August 7, 2018, preliminary workshop meeting.[2] R. *See* Damariscotta, Me. Ordinance § 10.A Site Plan

---

[2] Eaton, a Board member, "told the room that this application [by DMS was] likely to take some time to work through." R. 192. He indicated that there would be additional meetings held on the project, and that night's discussion was just for a "sketch plan review" of the proposal. He said no public comment would be allowed at that meeting, but that the Board would allow public comment at future meetings on the site plan. Despite that there was no public comment allowed at this meeting it appears that Blount made comments from the audience.

Review Ordinance, Pre-Application and Application procedures, R. 193-193B. Blount never said she was affiliated with Our Town, or that she was speaking on its behalf. R. 193-193B. This is similar to members of *Friends* that attended the hearings on the wind power project, and who may have also spoken at the subsequent hearings, but never stated that they were speaking on behalf of Friends at the subsequent meetings.

No other alleged participation from Our Town occurred until the group submitted a letter in opposition of the site plan on January 8, 2018.[3] R. 257B-259. The Board had already approved the site plan by a unanimous vote of its members at the December 4, 2017, meeting. R. 242B. However, the record was reopened for some minor corrections,[4] and an amended written decision issued on February 5, 2018. R. 262B.

This Court is presented with the following: (1) comments about a sketch plan proposed at a meeting, *before* public hearing commenced on the matter, by a person not asserting that she was affiliated with Our Town, and (2) a letter from the group in opposition to the proposal *after* the Planning Board had already made a decision, but while the record was reopened for minor corrections. This does not logically meet the *Friends* standard of "participation throughout the proceedings." Meetings on the proposal were held on September 18, 2017, October 16, 2017, November 13, 2017, December 4, 2017, January 8, 2018, and finally on February 5, 2018. Neither Blount nor Jansen were present for any of these meetings. Attorney Peter Drum was present at the September 18 meeting according to the sign in sheet, and listed as an "interested party."

---

[3] Despite this letter being distributed at the meeting, there is nothing in the meeting minutes to reflect that Attorney Drum addressed the Board regarding the letter.

[4] DMS had to show the following: (1) that the State of Maine Department of Environmental Protection granted them a permit, (2) a written document showing a mutually agreeable relocation of the right of way for the Rifle Club, and (3) that MDOT issued DMS a traffic movement permit. R. 249.

R. 198B. Despite this, the meeting minutes reflect that he never spoke at the meeting. R. 199B-205. This silence is despite the Board inquiring at the beginning of the meeting whether there was a representative of Our Town present. R. 199B.

Because Our Town cannot show that its members stepped forward, identified themselves during the proceedings, and spoke on behalf of the group, it cannot show active participation throughout the proceedings. Therefore, it cannot show the party status necessary to be an aggrieved party with standing before the BOA. Because of the failure to meet the first prong of standing, this Court need not address the second prong, particularized injury.

### JANSEN DID NOT HAVE STANDING TO INDIVIDUALLY APPEAL THE BOARD'S DECISION TO THE BOA[5]

Although listed as a party in the appeal to the BOA, no party alleges that Jansen participated on her own during the meetings, that she attended a single meeting, or submitted written comments. No meeting minutes reflect that Attorney Drum made a single statement during any of the meetings. Therefore, even if he represented Jansen individually, he could not have advocated on her behalf. Similar to Our Town, Jansen's lack of participation is a failure to meet the party status prong of standing. Because active participation throughout the administrative proceedings has not been shown, this Court need not address Jansen's particularized injury.

### CONCLUSION

No Petitioner can show active participation throughout the proceedings before the Board. Therefore, in reviewing the BOA's decision that the Petitioners lacked standing

---

[5] Blount's standing before the BOA is not addressed in this Order because she was not listed as a party to the appeal before the BOA. R. 299-299B.

7

before it, this Court can find no error of law, abuse of discretion, or findings not supported by the record. The BOA's decision is affirmed.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: November 2, 2018

Daniel I. Billings
Justice, Maine Superior Court