STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-2022-10

OLD PORT DEVELOPMENT LLC,

        Petitioner,

        v.

CITY OF PORTLAND,

        Respondent,
and

SILVER THERAPEUTICS OF
PORTLAND, LLC,

        Party-in-Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER**

Before the Court is Party-in-Interest Silver Therapeutics of Portland, LLC's ("Silver") Motion to Dismiss. Respondent City of Portland ("the City") joins Silver's motion. Also pending is Petitioner Old Port Development LLC's ("OPD") Motion to Consolidate Cases and Motion for Trial of the Facts. For the following reasons, the Court grants Silver's Motion to Dismiss. Accordingly, the remaining motions are moot.

I.    **Background**

Pursuant to Chapter 35 of the City's Code, which is titled the Marijuana Businesses Ordinance ("the Ordinance"), Silver applied for an Adult Use Marijuana Retail License on August 30, 2020. Silver's application was tentatively approved on November 30, 2020. On November 5, 2021, Silver amended its application to apply for a Medical Marijuana Retail License instead. On November 22, 2021, the Director of Permitting and Inspections issued Silver a Medical Marijuana Retail License.

On December 3, 2021, OPD appealed the issuance of the license to the City Manager. Interim City Manager Danielle West informed OPD that the Ordinance does

not provide for review of the issuance of a marijuana retail license by the City Manager. Indeed, section 35-4(a) of the Ordinance provides only for direct appeal to the Superior Court of a decision to issue a marijuana retail license.

On December 22, 2021, OPD filed a petition in a related case in this Court, Docket No. AP-2021-41, challenging the approval of Silver's medical marijuana retail license application. OPD contended that the City erred in failing to apply the Ordinance's requirement that new marijuana retail facilities not be located within one hundred feet of an existing marijuana retail store ("the Dispersal Requirement"). § 35-43(h). OPD alleges that its marijuana retail store at 367 Fore Street is located directly across the street from Silver's 370 Fore Street storefront. The Court remanded that matter to the City with instructions to remand to the Director of Permitting and Inspections for issuance of a reviewable decision.

In the meantime, Silver applied to convert its medical marijuana retail license back to an adult use retail license. The City approved the converted application on March 4, 2022. Although there was never a public hearing or formal proceeding regarding Silver's applications, OPD submitted comments and inquiries to City officials throughout the process. On March 30, 2022, OPD filed this petition to challenge the approval of Silver's converted application. Merits briefing in this matter has been stayed pending the resolution of AP-2021-41.

## II. Discussion

### A. Motion to Dismiss

Silver has moved to dismiss OPD's petition for lack of standing. The Ordinance provides that "[a]n appeal from a decision to issue, issue with conditions, deny, or revoke a license pursuant to Article III may be appealed to the Superior Court pursuant to M.R. Civ. P. 80B by a party with standing." Portland, Me., Code § 35-4 (May 18, 2020).

Generally, "[i]n order to have standing to file an 80B appeal in the Superior Court, the appellant must prove (1) that it was a party at the administrative proceeding, and (2) that it suffered a particularized injury as a result of the agency's decision." *Norris Family Assocs., LLC v. Town of Phippsburg*, 2005 ME 102, ¶ 11, 879 A.2d 1007.

An appellant may have party status without having formally appeared as a party as long as it participated throughout the administrative proceeding. *Friends of Lincoln Lakes v. Town of Lincoln*, 2010 ME 78, ¶ 12, 2 A.3d 284. The parties apparently do not dispute that OPD "participated" in the licensing process. Although there was no hearing below, OPD wrote to City officials about its objections to Silver's applications and attempted to appeal the issuance of a medical marijuana retail license to the City Manager before bringing its appeals to this Court. This level of participation is likely sufficient to confer party status on OPD. *See id.*

A party suffers a particularized injury when a judgment or order adversely and directly affects that party's property, pecuniary, or personal rights. *Nergaard v. Town of Westport Island*, 2009 ME 56, ¶ 18, 973 A.2d 735. A particularized injury is an injury that is distinct from the harm experienced by the public at large. *Id.* Because of an abutting landowner's proximity, an abutter need only demonstrate a "minor adverse consequence affecting the party's property, pecuniary or personal rights" to have standing. *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 7, 746 A.2d 368.

The parties do not dispute that OPD is an abutter. Silver argues, however, that the standing threshold for abutters is lowered only in the context of challenges to land use decisions. Consequently, Silver contends that Silver and OPD's proximity to each other has no effect on the standing analysis because the issuance of a marijuana retail license is not a land use decision.

Indeed, the decision was not appealable to the City's Zoning Board of Appeals. However, the decision to issue a license necessarily involves land use considerations: issuance of a marijuana retail license is subject to a dispersal requirement, submission of an odor mitigation plan, and submission of a waste disposal plan. Moreover, OPD's proximity to Silver is relevant because OPD's claims center on the Dispersal Requirement.

However, OPD does not allege an injury that meets even the minimal standard for abutters. The primary injury that OPD alleges is the potential for increased competition due to the proximity of Silver's storefront.[1] Potential monetary harm from increased competition is not sufficient to establish standing—not even for an abutter. *See Varney v. Look*, 377 A.2d 81, 83 (Me. 1977) (holding that a "speculative possibility of some monetary harm" to clam diggers caused by increased competition flowing from the issuance of three hydraulic rake licenses was not sufficient to establish aggrievance); *Christy's Realty Ltd. P'ship v. Town of Kittery*, 663 A.2d 59 (Me. 1995) (suggesting that "increased business competition" is not sufficient to establish standing for an abutter, but finding that the abutter had standing because of a different alleged injury).

The Law Court has only recognized increased competition as a sufficient basis for standing when a relevant statute evidences an intent to protect the competitive interests at stake. *See Hammond Lumber Co. v. Fin. Auth. of Me.*, 521 A.2d 283, 287 (Me. 1987) (holding that increased competition was sufficient to establish standing because the Finance Authority of Maine was required by statute to consider and weigh adverse effects on existing businesses before approving financing for a project); *Bradbury Mem'l Nursing*

---

[1] OPD also alleges that the issuance of a decision to Silver adversely impacts the transferability of OPD's business because a new owner of the business at OPD's location would not be eligible for a license due to Silver's proximity. This effect is more directly a result of the non-transferability of marijuana retail licenses (which requires all new owners of existing businesses to reapply for a license) and is not "fairly traceable" to the issuance of a license to Silver. *See Collins v. State*, 2000 ME 85, ¶ 6, 750 A.2d 1257. This allegation warrants no further discussion.

*Home v. Tall Pines Manor Assocs.*, 485 A.2d 634, 638 (Me. 1984) (holding that an increase in competition caused by issuance of a certificate of need to a new nursing home was sufficient to establish existing nursing home's standing because the Certificate of Need Act reflected a legislative purpose to regulate competitive interests). This is not such a case. OPD has not offered any convincing evidence of an intent to protect competitive interests in the Cannabis Legalization Act, 28-B M.R.S. §§ 101-1504 (2022), or the Ordinance, and none is apparent to the Court.

OPD has not demonstrated a particularized injury and, therefore, does not have standing to pursue this appeal. The Petition must be dismissed.

### B. OPD's Motions

OPD's Motion for Trial of the Facts and Motion to Consolidate Cases are moot because the Petition is dismissed.

### IV.   Conclusion

For the foregoing reasons, the Court dismisses OPD's Petition for lack of standing. The remaining pending motions are moot.

The entry is:

1. Party-in-Interest Silver Therapeutics of Portland, LLC's Motion to Dismiss is GRANTED. Old Port Development LLC's Petition is DISMISSED; and

2. Old Port Development LLC's Motion for Trial of the Facts and Motion to Consolidate Cases are DENIED AS MOOT.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: __11/15/2022__

_____
MaryGay Kennedy, Justice
Maine Superior Court